23 173
131 633

AMBLER v. CLAYTON *et al.*

Taxes: ENTRY OF PAYMENT: EFFECT OF. Where a county treasurer upon the order of a party claiming an interest in certain lands, made out a receipt of payment of the taxes thereon, and entered on his books that such taxes were "*paid*," it was *held*, that such entry did not operate to discharge the taxes, unless followed by actual payment; that only such persons as were misled by the books, or who acted upon the faith of what they contained, could, in equity, claim to be prejudiced thereby, and that a purchaser, of whom it was not shown that he advanced his means or acted upon the belief of the payment of such taxes, could not enjoin the treasurer from subjecting said lands thereto.

*Appeal from Henry District Court.*

WEDNESDAY, JULY 31.

ARNOLD, the treasurer of Henry county, appeals from an order perpetually enjoining the collection of certain taxes, assessed and levied upon lands owned by Murray, but which plaintiff has contracted to sell under a power of attorney, to meet certain demands against said Murray. Plaintiff is trustee, and the claim is, that at the time Murray invested his means and the lienholders advanced their money, the taxes were marked "paid" on

Ambler v. Clayton.

the treasurer's books, that afterward this entry was erased, that they relied upon such entry of satisfaction, that the treasurer is about to proceed to collect the same, to the prejudice of the owner and lienholders and against equity, wherefore, etc. That the taxes were thus marked "paid," that the receipts were made out upon the order of a party claiming an interest in the lands, there is no room for doubt. And it is equally clear, that they were never paid, and that, some time afterward, the treasurer erased or changed the entry. Plaintiff sold the land for more than enough to satisfy all the liens claimed in this proceeding against the land, leaving a surplus to a large amount, belonging to the owner.

There is no testimony that Murray knew or was advised of the condition of the tax books, nor that he relied upon the fact that the taxes were paid at the time he invested his money.

The only party, who, by possibility was misled, was one Perrin, of the firm of Perrin & Co., whose claim as a lienholder is abundantly provided for in the decree before us.

*Withrow & Wright* and *A. H. Beremon* for the appellant.

*H. Ambler pro se.*

WRIGHT, J. — Several questions are made by appellant, but as one of these decides the whole case, we leave the others unnoticed. After paying all lienholders, there still remains a surplus largely more than sufficient to pay these taxes. The contract of plaintiff with his vendee, contemplates the contingency of the liability of the lands to meet the tax incumbrances. The surplus must go entirely to Murray, or be applied, in part, to these taxes. That, aside from

TAXES: entry of payment: effect of.

some equities in favor of the owner or lienholders, the lands are liable for the taxes there can be no doubt. And as it in no manner appears that the owner advanced his means, or acted upon the belief that the taxes had been paid; and as the only incumbrancer who could by any possibility have been misled, will be paid in full, and is provided for in the decree, it necessarily follows that this decree, as to the treasurer, was erroneous. The entry by the treasurer, in his books, did not operate to *discharge the taxes*. Only those misled by the books, or who acted upon the faith of what they contained, can, in equity, claim to be prejudiced by such recitals or entries.

Reversed.