## HENDERSON v. OLIVER *et al.*

1. Tax sale: ADVERTISEMENT IN GROSS. The advertisement of one hundred and sixty acres of land in gross belonging to an unknown owner, which was assessed in parcels, constitutes no defect in the proceedings under chapter 24, acts of extra session of the eighth General Assembly.

2. —— CERTIFICATE OF SALE. The certificate of sale must yield to the record of sales when in conflict therewith. It is accordingly *held*, where the certificate showed a sale in gross, while the register of sales showed a sale in parcels, that the latter would prevail.

3. —— ERASURE. Where an erasure appears in the record of sales, it will be presumed it was made to correct a mistake, when nothing appears to the contrary.

*Appeal from Monona District Court.*

TUESDAY, OCTOBER 24.

PETITION in equity to set aside a tax sale of the undivided ½ of the south-east ¼ of section 32, township 84

range 45. In addition to many alleged defects and irregularities in the sale, of which there is no proof, it is averred that the advertisement and sale of the said quarter section of land were in gross. The cause was submitted simply upon the deposition of plaintiff as to his ownership of the land, accompanied by the conveyance under which he claims, and certified copies of the register of sales, certificates of sales and deeds.

Judgment for defendant, plaintiff appeals. The necessary facts are stated in the opinion.

*A. V. Larimer* for the appellant.

*Monk & Selleck* for the appellee.

DAY, Ch. J.— I. It is claimed that the tax list shows the assessment in parcels of forty acres, while the entire one 1. TAX SALE: advertisement in gross. hundred and sixty acres is advertised in gross. No copies of the advertisement or tax list are contained in the record, and we have no evidence in respect to them. But if the fact were as stated, it constitutes no defect in the proceedings. The sale was made under the provisions of chapter 24, extra session eighth General Assembly, which makes it the duty of the treasurer, in giving notice of the sale of lands in cases where the owner is unknown, to embrace the largest quantity practicable in each description of such lands. It is not claimed that these lands were assessed to a known owner.

II. On the 20th day of October, 1865, C. H. Holbrook, treasurer of Monona county, executed to defendant David 2.— certificate of sales. B. Oliver, a treasurer's deed for the land in controversy, showing a sale of the same in gross. On the 8th day of November, 1866, J. E. Selleck, treasurer of Monona county, executed to defendant separate deeds for the undivided half of each forty acre tract in said one hundred and sixty acres. It is claimed that the records show that the sale was made in gross, and

not as recited in the last deeds. The certificate of sale is in accordance with the first deed, but the register of sales shows a separate sale of each forty acre tract.

The certificate of sale is no more conclusive that the sale was made in gross than is the first deed, and, when it differs from the record of sale, it must yield to such record. *McCready* v. *Sexton & Son*, 29 Iowa, 356. The record, taken together, does not show that the sale was made otherwise than as recited in the last deeds.

III. It is claimed, however, that the register of sales has been fraudulently altered, to correspond with the last deeds.

3. —— erasure. All the evidence we have of this is, that in the column for the designation of the number of acres opposite the north-east ¼, south-east ¼, the figures 160 appear to have been first written, and afterward changed to 40. But the separate amount due upon each forty is carried out opposite to each one, and the only inference which can be drawn from the record itself is, that the figures 160 were written by mistake, and changed at the time to 40. This must have been the case, unless other changes were made in the register of sales, and of this there is no proof. The tax deed is *prima facie* evidence of the regularity of all prior proceedings. *McCready* v. *Sexton & Son, supra.*

The record does not disclose any error in the rulings of the court below.

Affirmed.