1. **Tax Title**: JUDGMENT QUIETING: FRAUD IN OBTAINING: FACTS NOT AMOUNTING TO. Where defendant held a tax title to land, which was invalid for several reasons apparent upon the tax records, but of which it is not shown that defendant had any actual knowedge, and defendant, in an action to which plaintiff was made a party by published notice, procured a decree by default, quieting the title to the land in it, *held* that, since the tax deed was presumptive evidence, under § 897 of the Code, of the regularity of all prior proceedings, and was all the evidence necessary to obtain the decree, defendant could not be charged with notice of the irregularities appearing in the records, so as to make it guilty of fraud in presenting its deed as evidence of a valid title, and that plaintiff could not, after the lapse of two years, have the decree set aside on the ground of fraud in procuring it.

*Appeal from Buena Vista District Court.*

WEDNESDAY, JUNE 4, 1884.

THIS is an action in equity to cancel and set aside a tax deed to a quarter section of land, and to set aside a judgment of the district court of Buena Vista county, which quiets the title to said land in the defendant, the Storm Lake Bank.

Plaintiff alleges in his petition that he is the owner of the land in question, which is a quarter section situated in Buena Vista county, and that the same was sold on the 4th day of October, 1875, by the county treasurer, for an alleged delinquent district township judgment tax, which amounted to $2.21, Dean & Harker being the purchasers, and that afterwards they assigned the certificate of purchase to the Storm Lake Bank; that in July, 1878, said bank caused to be published in a newspaper published in the county a notice of the date when the right to redeem said land from said sale would expire, but that said notice recited that the sale had taken place on the 5th day of October, 1875, and that afterwards it filed in the office of the treasurer, as proof of the publication of said notice, the affidavit of the publisher of said newspaper, upon which the treasurer executed and delivered to defendant a tax deed,

conveying the land to it; that defendant afterwards commenced an action in the district court to quiet in it the title to said land, making plaintiff a defendant in such action, and serving him with the original notice by publicaiton, he being at that time a non-resident of the state, and that such proceedings were had in said action that a judgment was entered against him (plaintiff herein) by default, quieting in defendant the title to said land under said tax deed. But he alleges that said tax deed was void, for the reason that the pretended tax for which the land was sold was never levied by the board of supervisors, but was entered on the tax book by the county auditor, without any order of the board of supervisors, or any authority of law; and for the further reason that the notice of the expiration of the time of redemption which was published did not correctly describe the date of the sale, and the proof of the service of such notice was not made by the affidavit of the then holder of the certificate of sale, or his agent, as required by law. And he alleges that the judgment, quieting the title to said land in defendant, was obtained by defendant by fraud; that, in order to obtain said judgment, it pretended and represented to the court that said tax deed was a good and valid deed, and that all the steps anterior to its execution which were essential to its validity had been taken, whereas it had actual knowledge that the proof of the publication of the notice to redeem from the sale was not made by the affidavit of any person competent in law to make it, and also knew,. by reason of being charged by the record of the proceedings on which the tax deed was based, with notice of the fact that the pretended tax for which the land had been sold was never levied by any officer having authority to levy it.

Defendant, Powell, is alleged to be a purchaser of one half the land from the other defendant since the execution of the tax deed and the rendition of the judgment, but it is alleged that he was charged by the record of the proceedings on which the tax title was based with notice of the defects and

invalidity of the title. Plaintiff alleges that at the time of said sale he had paid all taxes which had then been levied on said lands, and that he has paid all taxes levied thereon since the sale, and that he had no knowledge of said sale, or of the notice to redeem therefrom, or of the execution of the deed, or of the judgment quieting the title in defendant, until the lapse of more than two years from the rendition of said judgment. The defendants filed separate demurrers to the petition, the grounds of which are that the facts stated do not entitle the plaintiff to relief. The demurrers were sustained, and the plaintiff appeals.

*Kellog & Herrick*, for appellant.

*Robinson & Milchrist*, for appellee.

REED, J.—There are two allegations in plaintiff's petition, upon either one of which, as against the Storm Lake Bank, he is entitled to relief against the tax title, unless the rights of the parties are concluded by the judgment quieting the title in defendant.

These allegations are, (1) that the alleged tax for which the land was sold was never levied by the board of supervisors or by its order, and (2) that the proof of the publication of the notice to redeem from the sale was not made by the affidavit of any person competent in law to make it. It is manifest, therefore, that the question whether plaintiff is entitled to relief depends on whether said judgment is shown to have been obtained by fraud. The ground of the claim that it was so obtained is that the defendant represented and pretended to the court that the tax deed was valid, and that all steps essential to its validity had been taken, and, by means of this pretense and representation, procured the judgment quieting the title in it to be entered, while the facts which invalidated the deed appeared in the record of the proceedings on which it was based, and defendant knew of the existence of said facts, being charged with notice thereof by the record. It is

not claimed that the representation and pretense were made in any other way than by asserting title to the land under the deed, and by introducing it in evidence on the trial of the case in which the judgment was rendered. And it is not alleged that defendant had any actual knowledge, when it offered the deed in evidence, that it was invalid. But the position of appellant is that defendant was charged by the record of the proceedings on which the tax deed was based with notice of any fact appearing therein, which affected the claim of the title which it was asserting thereunder; and, as the facts which avoided the deed appeared in the record, its act in offering it in evidence, to show title in itself, was such a fraud on the court as vitiates the judgment, whether it had actual knowledge of the existence of such facts or not.

But the unsoundness of this position, as we think, consists in this, that it leaves out of the consideration all question of the good or bad faith with which the act was done. The judgment of a court is not to be set aside on the ground of fraud, unless some deceit or artifice was resorted to in obtaining it, whereby the court was mislead or deceived, or the party against whom it was rendered was prevented from asserting his claim or making his defense. Under the statute, (section 897 of the Code,) the tax deed, when executed as provided by law, and recorded, operates to vest in the purchaser all the right, title and interest of the former owner of the land conveyed by it, and it is presumptive evidence, at least, "that all things whatsoever required by law to make a good and valid sale, and to vest the title in the purchaser, were done." One asserting title under such deed has but to introduce it in evidence. And the law puts upon his adversary the burthen of showing its invalidity.

And we know of no principle on which it can be held that one to whom such deed has been regularly executed and delivered would be guilty of fraud in asserting title under it, or in offering it as an evidence of title in himself, unless he had actual knowledge that it was invalid, or introduced it in evi

Brownell v. The Storm Lake Bank.

dence with intent to accomplish some unlawful purpose. It would be a remarkable holding, indeed, to say that the tax deed is evidence of its own validity and of a perfect title in the grantee, but that he would be guilty of fraud in asserting title under it, or in introducing it in evidence to establish title in himself, if there should exist any fact anterior to its execution which would operate to defeat his title, but of the existence of which he had no knowledge.

We think, therefore, that the facts alleged in the petition do not show that the judgment quieting the title to the land in defendant was obtained by fraud, and the judgment of the district court is

AFFIRMED.