## GUTHRIE and others *v.* HARKER and others.

*(Circuit Court, N. D. Iowa, W. D.   May Term, 1886.)*

1. TAXATION—TAX DEED—STATUTE OF LIMITATIONS—CODE IOWA, § 845.
    If the property owner allows five years from the execution of a tax deed to elapse, he cannot afterwards be heard to question the validity of the tax sale on the ground of the failure to make entry upon the tax-book of the years for which the taxes were unpaid.

2. SAME—DEED FROM TREASURER TO HIMSELF.
    After the lapse of five years from the recording of a tax deed, in which time the property has been often transferred on the faith of said deed, one cannot complain that the deed was executed by the treasurer to himself.[1]

In Equity.   Bill to quiet title.
*Barrett & Bullis,* for complainants.
*Joy, Wright & Hudson,* for defendants.

SHIRAS, J.   On the tenth day of November, 1859, a patent was issued by the United States to John B. Guthrie for the S. W. ¼ of section 29, township 97 N. of range 41 W., situated in O'Brien county, Iowa.   John B. Guthrie died intestate in 1875, leaving a widow, son, and daughter, who are the complainants herein, and who file the present bill for the purpose of setting aside a tax title obtained upon the realty above described, and under which the defendants claim to be the owners of the land in controversy.

From the evidence it appears that on the thirtieth day of November, 1866, the treasurer of O'Brien county sold the premises to one H. C. Tiffey for the delinquent taxes of 1861, 1862, 1863, 1864, and 1865, and issued the usual certificate of sale to the purchaser, who subsequently assigned the same to A. Murray, by whom it was, on the sixth of May, 1868, transferred to C. W. Inman, who was then the treasurer of the county.   On the thirtieth day of November, 1869, said Inman, as treasurer of O'Brien county, executed to himself, as owner of the certificate of sale, a deed to said premises, which was duly filed for record December 21, 1869.   The present suit to set aside the tax deed, and quiet the title, was brought to the October term, 1885, and two facts are relied on as grounds for defeating the tax title:   (1) That the tax deed was executed by the treasurer to himself; and (2) that the treasurer did not enter upon the tax-book the years for which the taxes were claimed to be delinquent, as required by section 845 of the Code of Iowa; it being expressly declared in said sec-

[1]See note at end of case.

tion that "any sale for the whole or any part of such delinquent tax not so entered, shall be invalid." The defendants, who derive title through several intermediate conveyances from said Inman, rely upon the five-years limitation provided for in section 902 of the Code of Iowa.

It is admitted that the premises in question are uncultivated prairie lands, not in the actual possession of either party. On part of complainants it is claimed that the failure of the treasurer to enter the years for which the taxes were delinquent, upon the tax-book, as required by section 845, rendered the sale made absolutely void, so that, in effect, there was no sale of the land, and that consequently the five-year limitation has no application to the case.

If the question depended solely upon the provisions of section 845, it would be difficult to avoid the conclusion that sales made in contravention of its provisions are void; but this section is only one among several that apply to the subject-matter, and regard must be had to all the sections that are *in pari materia.* Taking into account the provisions of sections 897 and 902, can it be held that the invalidity named in section 845 may not be rendered unavailable to the property owner, if, without action on his part, he permits the three years to elapse after the sale, a deed to be executed to the purchaser entitling him to all the presumptions recited in section 897, and the lapse of five years after the execution and recording of the deed, thereby calling into effect the limitation of section 902? In the absence of countervailing evidence, the introduction of the treasurer's deed establishes the fact that the realty was subject to taxation; that the taxes were duly assessed and levied; that the same remained unpaid; that the property was sold for the payment thereof after due notice given; and that the same was not redeemed.

In the face of the provisions of section 897, can it be permitted to the property owner to show, after the due execution of the tax deed, that the treasurer had failed to enter upon his tax-book the years for which the delinquency in fact existed? This is a question which has not, so far, been decided by the supreme court of Iowa; and, in the absence of an authoritative construction of the statute by that court, I must decide it according to what seems to me to be the only fair construction that will give force to all parts of the statute. Section 897 sets forth, with particularity, the various facts which shall be deemed sufficient to defeat the title evidenced by a deed executed under the statute, but it does not include the failure to enter the years for which the taxes are delinquent upon the tax-book among the causes invalidating the deed. On the contrary, it declares that the deed shall be conclusive evidence "that all the prerequisites of the law were complied with by all the officers," etc.; and, further, "that the manner in which the listing, assessment, levy, notice, and sale were conducted, was in all respects as the law directed."

According to the provisions of section 845, if the treasurer fails to

make proper entry of the years for which the taxes are delinquent, upon the tax-book, a sale made therefor is invalid. If, however, the property owner does not avail himself of the invalidity, but permits a deed to be executed, then the provisions of section 897 come in force, and the deed becomes evidence that the steps necessary to constitute a sale of the property for delinquent taxes have been performed; and, if the property owner allows five years from the execution of the deed to elapse, he cannot afterwards be heard to question the validity of the sale on the ground of the failure to make entry upon the tax-book of the years for which the taxes were unpaid.

The other ground of objection to the tax deed, to-wit, that it was executed by the treasurer to himself,—it thus appearing that he was the owner of the tax certificate,—would present a grave question if the litigation was between complainants and said Inman. In view of the fact, however, that the deed was recorded in 1869, and no exception was then taken thereto, and that the land has been sold to several parties, who purchased relying upon the validity of the deed, and that the present defendants bought the land in 1881, long after the lapse of the five-years limitation, it must be held that it is too late to question the right of the treasurer to buy the certificate of sale, and to execute the deed to himself.

Decree for defendants.

NOTE.

The statute of limitations does not begin to run in favor of the holder of a tax deed by merely recording the same. To avail himself of the benefits of the statute, his possession must be actual and adverse, and continued for the statutory period. Baldwin v. Merriam, (Neb.) 20 N. W. Rcp. 250.

The statute of limitations commences to run against defense to tax deed from date of sale. Shawler v. Johnson, (Iowa,) 3 N. W. Rep. 604. See Clark v. Thompson, 37 Iowa, 536.

In Wisconsin it is held that the fact that the tax deed issued is void does not prevent the running of the statute in favor of the holder. Peck v. Comstock, 6 Fed. Rep. 22. See Milledge v. Coleman, (Wis.) 2 N. W. Rep. 77; Edgerton v. Bird, 6 Wis. 527; Hill v. Kricke, 11 Wis. 442; Knox v. Cleveland, 13 Wis. 246; Lawrence v. Kenney, 32 Wis. 281; Wood v. Meyer, 36 Wis. 308; Marsh v. Supervisors, 42 Wis. 502; Philleo v. Hiles, Id. 527; Oconto Co. v. Jerrard, 46 Wis. 324.