## C. C. McCash, Appellee, v. Lewis Penrod, Appellant.

Action to quiet title: BURDEN OF PROOF: LIMITATION. In an action
1 to quiet title the production by plaintiff of a tax deed regular on its face makes a *prima facie* case, and the burden is then on defendant to show its invalidity; but if the proof shows merely an irregularity and the attack on the deed is not made within the statutory period the plaintiff is entitled to a decree.

Taxation: AMBIGUITY: PAROL EVIDENCE. Where there is an ambiguity on the face of the records respecting the payment of taxes and the sale of land therefor parol evidence is admissible, in an action to quiet the title under a tax deed, to explain the ambiguity.

Taxation: DISCREPANCY IN NAMES. A discrepancy between the name of a grantee in a tax deed and the notation of the assignment to him of the certificate as it appears on the tax sale register is not material, where it appears that the person holding the certificate and the grantee in the deed are one and the same.

Notice of redemption. Where no one is in actual possession of land and the person in whose name it is assessed is a nonresident of the State, notice of redemption addressed to the owner and served by publication is sufficient.

Idem sonans. The name " Karney " in a notice of redemption and " Carney " in the affidavit of publication thereof presents a case of *idem sonans* and is not a fatal defect in the proceedings.

Adverse possession. A void tax deed affords sufficient color of title on which to base a claim of adverse possession.

Quieting title. One seeking to establish his title to land through conveyances so indefinite in description that it cannot be ascertained therefrom what land was intended to be conveyed is not entitled to a decree.

*Appeal from Lee District Court.*— Hon. Henry Bank, Jr., Judge.

Tuesday, October 16, 1906.

SUIT in equity to quiet plaintiff's title to an outlot in section 1, township 68, range 3, in Lee county, Iowa. Plaintiff claims title under a tax deed and by adverse possession. Defendant denies plaintiff's title, and claims ownership in virtue of a warranty deed from one Sourwine. He further avers that plaintiff's tax deed is of no validity, because no taxes were due upon the land when the sale was made, because plaintiff was not the owner of the certificate of sale when the deed was made, because no notice of the expiration of the period of redemption was served ·upon the owner of the property who was in possession, and because the affidavit as to the publication of notice was insufficient. Upon trial to the court a decree was passed quieting plaintiff's title to the lot, and defendant appeals.— *Affirmed.*

*E. C. Weber,* for appellant.

*Seerly & Clark,* for appellee.

DEEMER, J.— Plaintiff holds a tax deed for the lot in controversy, regular upon its face, issued by the treasurer of Lee county, Iowa, on October 24, 1885. This makes out a *prima facie* case for him, and the burden is upon defendant to establish its invalidity. Even if this be established, plaintiff may show title by adverse possession, even under a void tax deed. If the tax deed be simply ·irregular, and not void, plaintiff is entitled to a decree for the reason that defendant's attack upon the deed is barred by section 1448 of the Code, which forbids such attacks after five years from the execution and recording of tax deed.

1. ACTION TO QUIT TITLE: burden of proof: limitation.

The land was sold for the taxes of the year 1881, and it is claimed that no taxes were due when the land,was sold. This is on the theory that the taxes on outlot 7 were paid as shown by the tax list. It is true that the tax list shows an entry of payment of taxes on lot 7, and payment by sale for taxes of the taxes on lot 8; but

2. TAXATION: ambiguity: parol evidence.

the other records and the tax deed show a sale of lot 7, and not of lot 8, and evidence *aliunde* establishes the fact that the taxes were paid on lot 8, and not upon lot 7. That parol testimony is admissible, notwithstanding this showing on the tax list, see *Ambler v. Clayton,* 23 Iowa, 173. Defendant was in no manner misled by this entry, and he has failed to show that the taxes on lot 7 were paid when it was sold. There is an ambiguity on the face of the records, and parol evidence is admissible to explain it. Consideration of this testimony leads to the conclusion that the taxes were not paid on lot 7 when the sale was made.

II. The land was sold at tax sale to one D. W. Henry, and he received the certificate of sale. Thereafter he assigned his certificate to James Karney, and the tax deed 3. Taxation: under which plaintiff claims was issued to discrepancy in names. James Carney. Notation of an assignment of the certificate appears upon the tax sale register as follows: "Assigned to James Karney, February 4th, 1885." Under the holdings of this court no notation of the assignment of the certificate was necessary, provided the person to whom the deed was made was in fact the holder of the certificate. *Soukup v. Union Investment Co.,* 84 Iowa, 448; *Swan v. Whaley,* 75 Iowa, 623. There is no doubt that James Carney was the holder of the certificate by assignment, and the mistake in his name is of no consequence. The record shows that James Carney and James Karney were one and the same person, and that James Carney is the person who held the assignment of the certificate.

III. Complaint is made that the notice of redemption was not served upon the owner, who, it is said, was in possession of the land. The land was taxed in the name of H. 4. Notice of C. Long, who was a non-resident of the State, redemption. and the notice, which was directed to him, was by publication. No one was in actual possession of the land when the time came for the notice; hence the notice was sufficient. *American Bank v. Crooks,* 97 Iowa, 244.

IV.   The notice was in the name of James Karney and the affidavit as to publication was in the name of James Carney.   This is said to be a fatal defect.   It is a clear case of *idem sonans.   Fletcher v. Conly,* 2 G.

5. IDEM SONANS.

Greene, 88; *Kreitz v. Behrensmeyer,* 125 Ill. 141 (17 N. E. 232, 8 Am. St. Rep. 349).   But, if the notice or affidavit were defective, defendant is foreclosed from attacking the same by reason of the statute hitherto referred too.   See *Trulock v. Bentley,* 67 Iowa, 602; *Bolin v. Francis,* 72 Iowa, 619; *Rice v. Haddock,* 70 Iowa, 318.

V.   But, aside from all this, the testimony shows that plaintiff and his grantors have been in the actual, notorious, and exclusive possession of the land in controversy under the tax deed for more than ten years prior to

6. ADVERSE POS-
SESSION.

1903, the time when defendant went into possession.   Even were the tax deed absolutely void, it would be sufficient color of title upon which to base a claim of adverse possession.   No one ever questioned plaintiff's title until just before this suit was brought, which was nearly twenty years after the issuance of the tax deed.   This alone gave plaintiff title to the land.   *Watters v. Connelly,* 59 Iowa, 217; *Tremaine v. Weatherby,* 58 Iowa, 615.

Moreover, and as a conclusive answer to appellant's contentions, it does not appear that he is the owner of the land and entitled to question the tax deed.   True, he shows some conveyances from the government down

7. QUIETING
TITLE.

to Sourwine, his immediate grantor; but no one can take these conveyances and locate the property in controversy as belonging to defendant.   Some of the conveyances are so indefinite and uncertain in the descriptive parts as to be utterly void.   For instance, one of the conveyances describes the land as " the east part of lots 7 and 8 "; another as " the east part of lots 7 and 8, less about 19 acres sold off the east part to Peele and Haines "; and there is no showing as to any deed to Peele and Haines.   The description in defendant's own deed is, " East part of lots

7 and 8, . . . less about 19 acres off the east part of the land described as lots 7 and 8, leaving from 17 to 20 acres, being same land bought of E. E. Gray." No one can tell from these descriptions what was intended to be conveyed, and a court, if called upon to render a decree for defendant, could not describe the land awarded to him. *Tucker v. Carlson,* 113 Iowa, 449; *Armour v. Officer,* 116 Iowa, 675.

The trial court was right in entering a decree for plaintiff, and it is *affirmed.*