H. E. BENNETT, Appellee, v. CHARLES C. BOWERS et al., Appellees; CLAUD M. SMITH, Appellant; SCHOENEMAN BROS. Co. et al., Appellees; STATE BOARD OF SOCIAL WELFARE, Intervener, Appellee.

No. 47043.

JULY 29, 1947.

Claud M. Smith, pro se, and Loyal R. Martin, of Cherokee, for appellant.

Herrick & Ary, of Cherokee, for appellee.

T. S. Herrick, Special Assistant Attorney General, and Archie Nelson, County Attorney, for intervener appellee.

MANTZ, J.—The plaintiff, H. E. Bennett, brought suit to quiet title to a certain lot in New Cherokee, Iowa. Various defendants were named, all of whom except Claud M. Smith defaulted. The latter defended upon the ground that he held a judgment on a one-third interest in said lot and claimed ownership thereby. Plaintiff claimed title through a tax deed issued by Cherokee County, Iowa, covering sale for taxes on said property for the years 1935, 1937, 1938, and 1939. Defendant claimed that the tax deed was void and of no effect. A petition of intervention was filed by the State Board of Social Welfare, State of Iowa, wherein the claim made by Claud M. Smith was expressly denied. Said intervener supported plaintiff's claim as pleaded.

The trial court found for plaintiff, sustaining the tax deed and title of plaintiff, and further found that Claud M. Smith had no title to the property. This appeal followed.

██ I. An examination of the brief and argument shows that appellant has not complied with Rule 344 of the Iowa Rules of Civil Procedure. Appellant, in stating the propositions relied upon, does not follow each with brief points and authorities, as provided by said Rule. In some propositions points

and argument are commingled. This method of presentation has not been helpful in considering the matters set forth in this appeal.

As we understand appellant's claims they are three in number:

1. That appellant is the owner of an undivided one-third interest in and to the real estate involved by reason of a resulting or implied trust, and of the other two-thirds interest by reason of abandonment.

2. That the intervener appellee is barred and estopped on account of having conveyed its interest in the property by contract and deed to the property involved.

3. That the tax deed under which plaintiff appellee claims is void.

Claud M. Smith further pleaded that the provisions of the Iowa Tax Sale Law, as set forth in sections 446.15 and 446.19, Code of 1946, violate the state and federal constitutions; also, that said statute violates section 6 of Article I of the Constitution of Iowa. As there was no argument on this last claim we will not consider it.

II. Regarding the first claim made by appellant— that he is the owner of the property in question, with rights superior to those of appellees—wherein he claims a one-third interest by reason of a certain judgment which he held against J. B. and Ella Bowers, originating on February 21, 1927: On September 15, 1939, Ella Bowers was the owner of the property involved. On that day by warranty deed she conveyed the same to her three sons, one of whom was Dale J. Bowers, and as to him the deed contained the following provision:

"The undivided one third interest in said property is hereby transferred to my son, Dale J. Bowers is hereby charged with the payment of a one certain judgment rendered in the district court of Cherokee county, Iowa, on the 21st day of February, 1927, in favor of Claud M. Smith, and against this grantor and her deceased husband, J. D. Bowers for the sum of $150.00, and costs, $85.35, 6% interest, and of record in judgment docket No. 30, at page 32, in the office of the clerk

of the district court of said county, less whatever payments have been made on said judgment.''

Said deed was acknowledged before Claud M. Smith.

The property was sold for taxes by Cherokee County on December 2, 1940, and for unpaid taxes for 1935, 1937, 1938, and 1939, and a tax certificate was issued to Cherokee County and this was later assigned to the State Board of Social Welfare. The treasurer's deed was issued on July 26, 1943. The State Board of Social Welfare later sold the property by contract to the plaintiff appellee. At that time the judgment in favor of Claud M. Smith was unsatisfied.

Strictly speaking, Claud M. Smith had no judgment lien when the deed was made by Ella Bowers to her three sons on September 15, 1939. So far as being a lien on real estate this judgment had expired in February 1937. The deed in effect created an equitable lien against the one third conveyed to Dale J. Bowers.

III. Appellant claims title to the other two thirds of the property by way of abandonment. We see no merit in such claim. The record is silent as to the possession at the time of the tax deed. On July 26, 1943, at the time a tax deed was issued, an affidavit was filed by the county auditor reciting that the notice of expiration was served upon the parties in possession. This fact tends to rebut appellant's claim that the property had been abandoned. There is no presumption that the property was abandoned. Abandonment is a question of fact. 1 C. J. S., Abandonment, section 8; Ray Coal Mining Co. v. Ross, 169 Iowa 210, 217, 151 N. W. 63, 65.

In the cited case, this court (Gaynor, J.), said:

''Abandonment involves an intent and purpose to surrender the rights acquired, accompanied by acts indicating that purpose and intent. It is a question of fact and not of law.'' Citing 2 Washburn, Real Property, 82.

Appellant raises the issue of abandonment by arguing that the interests of the titleholders, the Bowers, had various liens thereon, that these were not paid and no attempt was made

by them to redeem, and that they made no appearance in the case. There is no other evidence in the case of any act, word, or intent on their part, nor is there anything in the record to indicate in favor of whom, if anyone, they intended to relinquish their rights. We hold that such a showing falls far short of showing that the Bowers had abandoned the property.

IV. In pleading appellant claims to own an undivided one-third interest by reason of the above-quoted provision of the deed. In his answer he prays, ''that he may be decreed to be the absolute owner in fee simple of an undivided one-third interest in the real property * * * free and clear of all liens and encumbrances.'' In an amendment to his answer the appellant asked that ''he may be decreed to be the sole and only owner of the fee title of [to] all of said property * * * free and clear of all claims of ownership asserted by the plaintiff.'' On September 23, 1946, appellant filed in court a conditional offer to pay all lawful taxes due on the property and valid old-age-assistance claims, ''all in case the fee title to the property involved in the action is found to rest in this answering defendant * * *.'' In argument he asserts that he is the owner of the property involved.

The deed of Ella Bowers, wherein the interest of Dale J. Bowers is charged with a certain judgment in favor of appellant does not support appellant's claim of ownership. It shows a judgment lien—nothing more. To maintain his defense appellant must show that he is the owner of the property. McCash v. Penrod, 131 Iowa 631, 109 N. W. 180; Lemker v. Unknown Claimants, 201 Iowa 902, 208 N. W. 290. At most, the judgment mentioned in the Ella Bowers deed was a lien upon the interest of Dale J. Bowers.

The amount of this judgment was merely a lien on the interest of Dale J. Bowers, but appellant asserts ownership of the premises and by cross-petition asks partition thereof. Appellant is not a party to the deed; his interest is simply a lienor, as set forth in the contract between the grantor, Ella Bowers, and the grantee, Dale J. Bowers. But he claims that the deed created in him a resulting or implied trust, hence

ownership. There was no evidence save the deed; no attempt to show such trust by other evidence. Appellant argues that a trust arose out of his judgment lien. We quote from Restatement of the Law, Trusts, section 10:

"Ordinarily where property is transferred to another 'subject to the payment of' a certain sum to a third person, or 'paying' such a sum, an equitable charge and not a trust is created, since the transferor does not thereby manifest an intention to impose a duty upon the transferee to deal with the property for the benefit of the third person."

See, also, Anderson v. Anderson, 234 Iowa 277, 12 N. W. 2d 571. We hold that the deed from Ella Bowers to her sons transferred title to them and that the share of Dale was charged with a lien. Such gave appellant no ownership sufficient to meet the requirements of a partition suit. Incorporated Town of Story City v. Hadley, 214 Iowa 132, 241 N. W. 649; section 448.7, 1946 Code of Iowa.

■ In pleading appellant made a conditional offer to pay taxes legally and lawfully due and all sums due the State Board of Social Welfare, and the full amount of the consideration which it has deeded or contracted to convey, in case the fee title to the property involved was found to rest in the answering defendant (appellant). The point is argued very briefly and in connection with another matter and we might properly disregard it. However, the offer was conditional, depending upon the happening of other things. It fails to comply with section 448.7, Code of 1946. Assuming the point raised, still it is without merit.

V. Appellant further contends that the tax deed from Cherokee County, Iowa, under which appellees claim title, is void; consequently, no rights exist thereunder.

The property was sold for the taxes of 1935, 1937, 1938, and 1939, on December 2, 1940, under what was known as a scavenger sale. Cherokee County bought the premises for $80. A certificate of the tax sale was duly issued at that time. Cherokee County duly assigned this certificate to the State Board of Social Welfare on July 26, 1943, which board then sold the

property by contract to the plaintiff appellee herein, a part of the contract price being then and there paid. Following tax sale and expiration of time, and on April 26, 1943, an affidavit was duly filed by H. M. Montgomery, county auditor, and agent for Cherokee County, Iowa, setting forth the various steps taken in said tax sale, including the advertising of such tax sale, description of the property to be sold, notices to the parties owning and those in possession, notice of expiration of the right of redemption, and various other matters incident thereto. There was also filed with the proper officials an affidavit of service of notice of expiration of right of redemption of the property involved, showing that the same was served upon various defendants, including appellant, by personal service on March 24, 1943. Proof of such service was made by the deputy sheriff and agent for Cherokee County, on March 29, 1943. The record further shows that Cherokee County, holder of the certificate of tax sale, assigned the same to the State Board of Social Welfare of Iowa, and based thereon, a tax deed was issued to said State Board of Social Welfare of Iowa on July 27, 1943.

■ The plaintiff appellee having purchased the property by contract on August 18, 1943, became the legal and equitable owner thereof. The tax deed was introduced in evidence and this made a prima facie case. Appellant had the burden of proving its invalidity. Polk County v. Basham, 234 Iowa 225, 12 N. W. 2d 157. There Mulroney, C. J., speaking for the court, reviewed the various holdings of this court in support of such statement. Brownell v. Storm Lake Bk., 63 Iowa 754, 19 N. W. 788; Grove v. Benedict, 69 Iowa 346, 28 N. W. 631; Shaffer v. Marshall, 206 Iowa 336, 218 N. W. 292; Inter-Ocean Reinsurance Co. v. Morrison, 225 Iowa 1336, 283 N. W. 909; Bennett v. Greenwalt, 226 Iowa 1113, 286 N. W. 722. We think that no further citations of authority are required.

■ Appellant's principal claim as to the invalidity of the tax deed is based upon the claim that the tax deed was issued without the return of the certificate of purchase as required by section 448.1, Code of 1946. Here the appellant is faced with

the provision of section 448.5, that the tax deed is conclusive evidence that all of the prerequisites of the law were complied with by the officers prior to its issuance. At the most, the failure to return the certificate would be no more than an irregularity. As tending to support this, see Hall v. Wallace, 229 Iowa 171, 294 N. W. 283. In addition, the record shows that a duplicate copy of said certificate was among the records of the county auditor of Cherokee County. As a witness, the county auditor testified:

"Exhibit G is a part of the official records of my office and has been under [my] control since its execution. * * * Exhibit G is a duplicate copy of the assignment on [of] Lot 2, Block 13, and also a receipt of funds transmitted. I delivered the original copy to the Board of Social Welfare. The original is not now in my possession. Exhibit G is a true and correct copy and bears my signature."

Such record was properly admitted. Certainly the appellant did not show that he would properly come within the provisions of section 448.7, Code of 1946. As supporting the above, see Chandler v. Keeler, 46 Iowa 596; Henderson v. Oliver, 32 Iowa 512; McCready v. Sexton & Son, 29 Iowa 356, 4 Am. Rep. 214; Swan v. Whaley, 75 Iowa 623, 35 N. W. 440; McCash v. Penrod, supra, 131 Iowa 631, 109 N. W. 180. We hold, as did the trial court, that the tax deed made a prima facie case for appellees and that the appellant has not sustained the burden of showing otherwise.

VI. Another proposition urged by appellant is that the intervener is estopped to assert any rights herein. Intervener received an assignment from Cherokee County of the certificate of tax sale and later received the tax deed. Intervener contracted to sell the real estate to appellee Bennett, and received a part of the purchase price. Intervener contracted to convey by deed showing merchantable title to Bennett when the contract was carried out. No deed had been delivered and the entire contract price had not been paid.

Intervener had an interest in the property and had a

right to intervene in order to protect its investment for taxes paid and large sums advanced for old-age assistance to John D. Bowers, husband of Ella Bowers, when the latter was owner of the property involved. Said advancements or payments by intervener in the amount of $233 were paid in 1936 and 1937 and a further sum of $100 for funeral benefits to said John Bowers. All said sums were paid while John Bowers and Ella Bowers were husband and wife and at a time when Ella Bowers was owner of the property involved. It is quite apparent that the intervener had a valid and substantial interest in the property and as such had a right to intervene. Rule 75, Iowa Rules of Civil Procedure. It is somewhat difficult to follow the argument of appellant regarding his claim of estoppel. We are unable to see where appellant has in any way been led to change his position to his prejudice. He was not a party to the deed and was not an owner—simply a lienholder. It seems to us that in such claim he is trying to build up his title. In the case of Erickson v. Wiper, 33 N. D. 193, 212, 157 N. W. 592, 599, in speaking of the doctrine of estoppel and its purposes, that court quoted from Townsend Sav. Bk. v. Todd, 47 Conn. 190, 219: " 'An estoppel was never intended to work a positive gain to a party, but its whole office is to protect him from a loss * * *.' " We think this sound doctrine.

Appellant in argument has cited no authority to sustain his claim of estoppel. Under a heading "Bar and Estoppel," in a separate part of his brief and argument, appellant cites various authorities. We are unable to see wherein any of those cited has application to the facts as shown by the record herein.

The decree of the trial court is right and it is affirmed.—Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, HALE, SMITH, MULRONEY, and HAYS, JJ., concur.