Guise et al. v. Early et al.

GUISE ET AL. v. EARLY ET AL.

1. **Tax Sale and Deed:** VALIDITY: ACTION TO SET ASIDE: RECOVERY OF TAXES. *Barke v. Early, ante,* p. 273, followed, as to the validity of the tax title involved in this case, and the right of the holders to recover taxes paid by them, with penalties, upon setting aside the deeds.

2. **Acknowledgment:** SUFFICIENCY OF: WHEN NOT DETERMINED. The question whether a deed introduced in evidence was sufficiently acknowledged is not considered, because the deed itself is immaterial.

3. **Jurisdiction:** UNKNOWN DEFENDANTS: STATUTE MUST BE COMPLIED WITH. In order that a court may obtain jurisdiction of unknown defendants, the statute (Code, §§ 2622–2625) must be complied with. Accordingly, where it is not shown that the petition was sworn to, and the notice approved by the court before publication, and its publication ordered by the court in a newspaper therein designated, *held* that no such jurisdiction could be presumed.

4. **Tax Sale and Deed:** INVALID: RECOVERY OF TAXES PAID. In an action to set aside an invalid tax deed, it is no objection to the recovery by the defendant of taxes paid on the land that they were paid by strangers to the proceedings, if it appears that they were paid for and on account of the holder of the tax title, or his assignor or grantor.

5. **Practice in Supreme Court:** DUTY OF COUNSEL IN PRESENTING CAUSES. It is the duty of counsel to aid the court in acquiring a knowledge of the facts, and an understanding of the principles, upon which the claims of the parties are based in each case, and not in their argument to confuse the facts and principles of several similar cases. (Compare *Hooper v. Sac County Bank, ante,* p. 281.)

*Appeal from Sac District Court.*

WEDNESDAY, JUNE 29.

ACTION in chancery to declare void and set aside certain

Guise et al. v. Early et al.

tax deeds, and to recover the land held thereunder, and the value of the rents while it was in possession of defendants. The tax deed was declared void in the final decree of the court, and a judgment was entered against plaintiffs for the amount of the taxes paid on the land by defendants, with interest, costs and penalties, as in case of redemption from tax sales. Both parties appeal.

*S. M. Elwood* and *Ed. R. Duffie*, for defendants.

*Mason & Thomas*, for plaintiffs.

BECK, J.—I. Plaintiffs claim the title of the land under the patent title, and defendants claim under tax sales and deeds. The tax title was held void by the district court, and a judgment was entered against plaintiff for the amount of taxes paid by defendants, with interest, costs and penalties, as in case of redemption from a tax sale. Certain questions involving the validity of the tax titles, and the right of defendants to recover the taxes paid by them, with penalties, which arose in *Barke v. Early, ante,* 273, are present in this case. The decree of the district court accords with our decision in that case, which we follow in this, affirming the ruling of the court below upon these questions.

1. TAX sale and deed: validity: action to set aside: recovery of taxes paid.

II. A deed was introduced by plaintiff in support of their claim of title, which was executed in the state of Ohio, and acknowledged before the judge of a court of probate. Defendants insist that the certificate of acknowledgment is defective, for the reason that it does not disclose the title of the court or person taking the acknowledgment, as required by Code, § 1958. We find it unnecessary to decide the question involved in this objection, for the reason that, as we understand the abstract, the deed is not a necessary link in plaintiff's title.

2. ACKNOWL-EDGMENT: sufficiency of: when not determined.

III. The defendants rely upon an adjudication quieting

the title of the land in two of them. It was had in an

**3. JURISDIC-TION: unknown defendants: statute must be complied with.** action brought against certain persons under whom plaintiffs in their action claim title. It was shown that two of these persons were dead when the action was brought. But it is claimed that, as the action was brought against unknown owners of the land, their heirs, who were unknown, are bound by the adjudication. Actions are authorized by our statute to be brought against unknown defendants. (Code, §§ 2622–2625.) But the provisions are not shown to have been followed in the proceedings, especially the requirements that the petition shall be sworn to, the notice shall be approved by the court before it is published, and its publication shall be ordered by the court in a newspaper therein designated. These provisions not having been complied with, the court acquired no jurisdiction of the unknown defendants.

IV. It is claimed by plaintiffs that some of the taxes for which defendants recovered were paid by strangers to the

**4. TAX sale and deed: invalid: recovery of taxes paid.** proceedings, and that it is not shown that they assigned their claim therefor to defendants. But we think the evidence shows that these taxes were paid for and on account of the holder of the tax title, or his assignor or grantor.

V. It is proper here to remark upon and condemn the exceedingly confused and obscure manner in which this case,

**5. PRACTICE in supreme court: duty of counsel in presenting causes.** as well as others of like character, involving the same questions, are presented to us. See *Hooper v. Sac County Bank, ante,* 280. Counsel seem to forget that the duty is imposed upon them to aid the court in acquiring a knowledge of the facts, and an understanding of the principles, upon which the claim of the parties is based. We hope that, if any more tax-title cases involving like facts and questions are presented, counsel will be careful not to pattern after efforts in these cases, but will rather labor to present them clearly and without confusion.

The judgment of the district court is, on both appeals,

AFFIRMED.