PETER PETERSON, JR., v. MRS. MAGGIE WALLACE, Appellant.

**Taxation:** REDEMPTION NOTICE: ERROR IN NAMES. The abbreviation "Jr." is no part of a name, and omission to affix the same, in a notice of expiration of the period of redemption from tax sale, to the name of the person to whom the land was taxed is not a material variance.

**Redemption notice:** PROOF OF SERVICE. An affidavit of service of notice of the expiration of the period for redeeming from a tax sale, which fails to state at whose direction the same was given is not in compliance with the statute, and the court will indulge no presumption with regard thereto.

*Appeal from Woodbury District Court.*—HON. J. L. KENNEDY, Judge.

WEDNESDAY, OCTOBER 28, 1908.

ACTION to redeem property from a tax sale. There was a judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*O. D. Nickle,* for appellant.

*E. J. Stason,* for appellee.

SHERWIN, J.—The property in question was sold to J. Wallace, the defendant's assignor, in December, 1901, for the taxes of 1900. In January, 1905, a tax deed was issued to the defendant for the property, which deed was duly recorded. The notice of the expiration of the right of redemption was addressed to "Peter Peterson, in whose name assessed and taxed, and Lampman Nichols,

party in possession." The notice was signed, "James Wallace, Agent for Maggie Wallace, Owner and Holder of Certificate," and the notice was duly published. The affidavit of service was as follows, so far as material to the controversy before us: "James Wallace, being first duly sworn, deposes and on oath says that he is the agent of Mrs. Maggie Wallace; . . . . that he served the same on Peter Peterson, the person in whose name the land described therein is taxed, by causing said notice to be published three times in the Stylus, · a newspaper printed and published at Sioux City." The plaintiff alleges in his petition that, as shown by the tax list in the office of the county treasurer at the time of the service and filing of said notice, said property was taxed to "Peter Peterson, Jr.," the plaintiff, whereas it appears that the notice was served on "Peter Peterson" as the party in whose name the property was assessed, and that because of a failure of the defendant to serve the person in whose name the property was taxed as shown by the tax list, and because the notice which was served was not in the form required by law, the defendant's deed did not cut off the plaintiff's right of redemption. The plaintiff also tendered the defendant the amount for which the property was sold by the treasurer with all subsequent taxes and assessments, and with interest, penalty, and costs. The trial court found for the plaintiff.

But two questions are presented for our determination. The first is whether the service on "Peter Peterson," instead of on "Peter Peterson, Jr.," was a sufficient compliance with the statute requiring the notice to be served upon "the person in whose name the property is taxed;" and the second is whether the affidavit required by the statute to complete the service stated under whose direction the service was made. We think there is nothing in the appellee's contention that the notice should have been addressed to

1. TAXATION: redemption notice: error in names.

"Peter Peterson, Jr." In *State v. Dankwardt,* 107 Iowa, 704, we held that an indictment was sufficient which described a party as "Mary Mahoney," when in fact she went by the name of "Mary Mahoney, Jr.;" and said: "It is well settled that the terms 'Jr.' and 'Sr.' are no part of a name. The addition of the abbreviation 'Jr.' to the name Mary Mahoney added nothing thereto, and should be regarded as surplusage. Neither the omission or the insertion of the character after the name should be treated as a variance." That case is determinative of the one at bar; for, if the omission of the abbreviation was not a material variance in an indictment, it can not be held to be in an action where nothing but civil rights are involved.

The appellant does not claim that the affidavit accompanying the notice stated under whose direction the same was made in any other way than by stating that the affiant, James Wallace, served the notice on **2. REDEMPTION NOTICE: proof of service.** Peter Peterson "by causing said notice to be published," as therein stated. But he does insist that the statement quoted is a sufficient allegation that the service thereof was made under his direction as the agent of Mrs. Wallace. But with this contention we are unable to agree. The statute provides (section 1441) that "service shall be complete only after an affidavit has been filed with the treasurer, showing the making of the service, the manner thereof, the time when and place where made, and under whose direction the same was made; such affidavit to be made by the holder of the certificate or by his agent or attorney; . . . which affidavit shall be filed by the treasurer, . . . and the right of redemption shall not expire until ninety days after service is complete." The affidavit in question states that Wallace was the agent of Mrs. Wallace, and that he served the notice on Peter Peterson ". . . by causing said notice to be published three times," etc.

This statement amounts to no more than a showing that the affiant served the notice by publication, and it does not show under whose direction he was acting, unless we are to presume that he was acting under the direction of his principal. But this we can not do because the statute expressly requires that the affidavit state under whose direction this notice was served, and no presumption may be indulged in. That the statement under consideration is essential to the validity of the notice is well settled in this state; the latest pronouncement on the subject being in *Grimes v. Ellyson*, 130 Iowa, 286, where it is said: "As the affidavit of service thereof fails to state the place where and under whose direction the service was made, we must hold that it was insufficient."

The trial court reached the right conclusion, and its judgment is *affirmed*.