CHARLES H. LINDSEY, Appellant, v. JAMES F. BOOGE, J. G. BOOGE, JOHN HUNTER, D. S. LEWIS, EMMA L. LITTLE and O. B. TALLEY, as County Treasurer of Woodbury County, Iowa, Appellees.

Taxation: REDEMPTION: NOTICE. The statute requires that proof of service of notice of expiration of the right of redemption from a tax sale must show at whose direction the notice is given; but this statute will be liberally construed, and if the notice and affidavit of service fairly show who directed the service it will be sufficient.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

WEDNESDAY, OCTOBER 20, 1909.

SUIT in equity to redeem certain property from tax sales. The trial court sustained a demurrer to plaintiff's petition, and, plaintiff electing to stand thereon, decree was rendered against him for costs. He appeals.—*Affirmed.*

*Alfred Pizey,* for appellant.

*E. P. Farr,* for appellees.

DEEMER, J.—Plaintiff was the owner of certain lots in the city of Sioux City, and he brings this action in equity to set aside certain tax deeds issued to one J. Hunter, and to redeem the lots from the said sale. He also asks that he be permitted to redeem from a second tax sale of said lots to defendant D. S. Lewis and to R. B. Martin. It appears from the record that on December 5, 1898, a tax sale of the premises in question was had,

and that one J. Hunter was the purchaser thereat and that this sale was made for the taxes of the year 1897. On December 7, 1903, the lots were again sold at tax sale, for the taxes of the year 1902, to D. S. Lewis and R. B. Martin, respectively. On the 13th day of February, 1902, Hunter, the holder of the first certificate of sale, gave notice of the execution of a tax deed and of the expiration of the period of redemption to Mary E. Lewis, who was the owner of the lots at the time of the tax sale, and who continued to be such owner until December 24, 1902. This notice recited that Hunter was the purchaser of the lands for the taxes of 1897, and that he was then the lawful holder of the certificate of purchase, and he signed his name as "lawful holder of certificate." This notice was served by publication, proper affidavit of that fact being filed by the publisher, and also by Hunter. In this last affidavit he recited that he was the lawful holder of the certificate. He attached a copy of his notice and recited facts showing proper publication thereof. This action was brought on May 28, 1907, and thereafter notices of redemption were served upon defendants Booge and Hunter, stating that deeds would be issued pursuant to the sale for the taxes of the year 1902. Thereafter plaintiff filed a supplemental petition, asking that the treasurer be enjoined from executing and delivering the deeds pursuant to the sale of 1903, asking that the tax certificates issued pursuant to the sale be adjudged null and void, and for other relief. It appears that when these last notices to make redemption were served, Booge was the owner of one lot and Hunter of the other. It is claimed that the defendants Booge, since the year 1905, have been in the possession of the lots, claiming title thereto, and it is also claimed that D. S. Lewis and Emma L. Little, in whose names, as holders, the notices of the expiration of time for redemption were signed and served, were not then the lawful holders of the certificates of

purchase, but that they were in fact owned and held by the defendants Booge and Hunter in their own right and for their own use and benefit. It further appears that the defendants Booge and Hunter are claiming title to the lots under and by virtue of the treasurer's deed which was issued to Hunter on June 7, 1902. If this deed be valid, there is no occasion to consider the second sale of the premises, for plaintiff was by the tax deed deprived of all title to the land in the event it be found that said treasurer's deed was properly issued. The only claim made on this appeal, with reference to the tax sale of 1898, is that plaintiff's right of redemption was not cut off for the reason that the affidavit of the service of notice does not meet the requirements of the statute, in that it does not state "under whose direction the service of the notice was made."

The statute relating to this matter provides: "Service shall be complete only after an affidavit has been filed with the treasurer, showing the making of the service, the manner thereof, the time when and the place where made, and under whose direction the same was made; such affidavit to be made by the holder of the certificate or by his agent or attorney; . . . which affidavit shall be filed by the treasurer . . . and the right of redemption shall not expire until ninety days after the service is complete." Code, section 1441. The general rule is that the requirements of such a statute must be fully met. This is one of the steps necessary to cut off the right of redemption; and, if there be any substantial omission therefrom, the right of redemption is not cut off. See *Grimes v. Ellyson,* 130 Iowa, 286; *Peterson v. Wallace,* 140 Iowa, 22; *Barcroft et al. v. Mann et al.,* 125 Iowa, 530; *Bradley v. Brown,* 75 Iowa, 180; *Ashenfelter v. Seiling et al.,* 141 Iowa, 512. Turning again to the statute, it will be observed that the affidavit of service must show the manner thereof, the time when

and the place where made, and under whose direction the same was made. All statutes must be given a reasonable construction; and, if it fairly appears from the notice and the affidavit who made or gave the directions for the service, this is all that should in reason be required. It will be noticed, in referring to the facts disclosed by this record, that Hunter was the purchaser of the lands for the taxes of 1897; that he acquired the certificate of purchase thereof; that he signed the notice, which was properly addressed to Mary E. Lewis, as the lawful holder of the certificate, and it appears from his affidavit that he was the then lawful holder of the certificate; and that he served the same on Mary E. Lewis by causing the notice to be published three times in a proper newspaper, giving the dates and the places where published. This, it seems to us, clearly and unmistakably states that the service was under his direction. It would have been a work of supererogation to have added, after saying that he was the purchaser and lawful holder of the certificate, and that he served the same, that he did so under his own direction. That sufficiently appears both from the notice and from the affidavit of publication. This being true, and no redemption having been made from the first sale, it seems to us that the plaintiff lost his title to the lots, and that the trial court correctly denied him the relief prayed in his petition.

The decree seems to be right, and it is *affirmed.*