FIDELITY INVESTMENT COMPANY, Appellee, v. A. L. WHITE, Appellant.

No. 39570.

MARCH 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*F. W. Lohr,* for appellant.

*Milchrist, Schmidt, Marshall & Jepson,* for appellee.

WAGNER, J.—There is involved in this suit the east half of Block 23 in C. B. Rustin & Co.'s Addition to Sioux City. Said real estate was sold at an adjourned tax sale on January 7, 1924, for certain taxes for the years 1920, 1921, and 1922. The certificate of sale was assigned by Black, the original holder, to Grandy, who, on March 16, 1927, received a tax deed for said real estate. On the same date of the execution by the county treasurer of said tax deed, Grandy executed a quitclaim deed unto the plaintiff, which immediately began this suit, wherein said company asks that the title to said real estate be quieted in it. F. W. Lohr, who was the prior owner of said real estate, on January 14, 1926, executed a deed of conveyance for the property unto the defendant, A. L. White. The trial court rendered a decree quieting the title in the plaintiff, and the defendant has appealed.

The defendant, in his answer, tenders payment of any and all valid taxes for which the real estate was subject to sale at the

time thereof, and all subsequent legal taxes against said real estate which have been paid, with interest and any penalties required to make redemption. The various complaints of the appellant will be noted as we proceed.

The burden is upon the appellant to show the invalidity of the tax deed. See *Brownell v. Storm Lake Bank*, 63 Iowa 754, wherein this court made the following pronouncement:

"Under the statute (Section 897 of the Code [now Section 7287 of the Code of 1927]), the tax deed, when executed as provided by law, and recorded, operates to vest in the purchaser all  the right, title, and interest of the former owner of the land conveyed by it, and it is presumptive evidence, at least, 'that all things whatsoever required by law to make a good and valid sale, and to vest the title in the purchaser, were done.' One asserting title under such deed has but to introduce it in evidence. And the law puts upon his adversary the burden of showing its invalidity."

One of the contentions of the appellant is that the affidavit of the service of the notice of the expiration of the right of redemption does not meet the requirements of the statute, in that it  does not state "under whose direction the service of the notice was made." The notice was signed by Grandy, the holder of the certificate of sale. The affidavit of service is as follows:

"A. O. Jepson, being first duly sworn, deposes and on oath says, that he is the agent of W. F. Grandy, the holder of the certificate of purchase, described in the within notice of tax deed; that he received said notice of tax deed for service as such agent, on the 11th day of October, 1926, and that on the 18th day of October, 1926, he served the same on the within named F. W. Lohr, the person in whose name the property therein described is taxed, by reading said notice to him the said F. W. Lohr, and delivering to him personally, a true copy thereof, at Sioux City, in Sioux City Township, Woodbury County, Iowa."

Our statute, Section 7279 of the Code of 1927, provides that the holder of the certificate of purchase may cause to be served upon the person in possession of the real estate, and also upon the person in whose name the same is taxed, if such person resides in

the county where the land is situated, in the manner provided for the service of original notices, a notice signed by him, his agent or attorney, etc. Section 7282 of the Code provides:

"Service shall be complete only after an affidavit has been filed with the treasurer, showing the making of the service, the manner thereof, the time when and place where made, *and under whose direction the same was made*; [the italics are ours] such affidavit to be made by the holder of the certificate or by his agent or attorney, and in either of the latter cases stating that such affiant is the agent or attorney, as the case may be, of the holder of such certificate."

The question is: Does the aforesaid affidavit show under whose direction the service was made? The rule is that the requirements of the statutory law must be fully met, in order to cut off the right of redemption, and that, if there be any substantial omission therefrom, said right is not cut off, and that the court will indulge no presumption with regard thereto. The provisions of the statute are mandatory and absolute, and any failure as to the statutory requirements relative to the affidavit of service will avoid the tax deed subsequently executed. The right of redemption from a sale will be liberally construed in favor of the taxpayer. *Ashenfelter v. Seiling,* 141 Iowa 512; *Grimes v. Ellyson,* 130 Iowa 286; *Peterson v. Wallace,* 140 Iowa 22; *Lindsey v. Booge,* 144 Iowa 168. It is true that, in *Lindsey v. Booge,* supra, we said:

"All statutes must be given a reasonable construction; and, if it fairly appears from the notice and the affidavit who made or gave the directions for the service, this is all that should in reason be required."

In that case the service and affidavit of service were made by the certificate holder, and we held that it was not required that the certificate holder state in terms in the affidavit that the service was under his own direction. The aforesaid quoted language was used as applicable to the facts in that case. In *Peterson v. Wallace,* supra, the affidavit of service stated that the affiant was the agent of the title holder, and that he served the same on the person in whose name the land described therein was

taxed, by causing said notice to be published, etc. Relative to this affidavit, we said:

"This statement amounts to no more than a showing that the affiant served the notice by publication, and it does not show under whose direction he was acting, unless we are to presume that he was acting under the direction of his principal. But this we cannot do, because the statute expressly requires that the affidavit *state* under whose direction this notice was served, and no presumption may be indulged in."

The affidavit in the instant case states that Jepson is the agent of Grandy, and that he received the notice for service as such agent. It does not state from whom he received the notice. In so far as the affidavit is concerned, he may have received it from Grandy or anybody else. No presumptions are to be indulged in. The affidavit does not even state that he served the notice as such agent, but only that he served the same. The affidavit does not state that he served the same under the direction of Grandy, his principal. Under our former holdings, we cannot indulge the presumption that he served the same under the direction of his principal. If we bear in mind that the right of redemption from a tax sale will be liberally construed in favor of the taxpayer, and consider the affidavit in its entirety, and indulge no presumptions in its favor, it cannot be said that the affidavit of Jepson complied with the absolute and mandatory provisions of our statutory law that the affidavit must show under whose direction the service was made. Since the affidavit of service of the notice was insufficient in the particular hereinbefore specified, the execution of the deed did not cut off the appellant's right of redemption.

There was included in the taxes for which the real estate was sold, a tax for paving a street abutting the northeast quarter of the aforesaid block, in the amount of $2,206.47, which was  certified to the county auditor December 8, 1921. The owner of the real estate took an appeal to the district court from the action of the city council in the making of said assessment. Said case was not determined until the 10th day of June, 1927, when the amount of said assessment was reduced to the sum of $240. It will be observed that the special assessment for paving was

only upon the northeast quarter of the block, while the sale for said tax, with other taxes, was of the east half of said block. There could be no sale for the nonpayment of a special assessment on January 7, 1924, with an appeal pending in the district court and not determined until the 10th day of June, 1927. An appeal from a special assessment suspends collection of the same until the appeal is determined. The appeal is a part of the statutory method provided for determining the amount of the assessment which should be levied; and pending such determination, the tax cannot be delinquent. *New York, C. & St. L. R. Co. v. City of Hammond,* 170 Ind. 493 (83 N. E. 244) ; *City Bond Co. v. Bruner,* 34 Ind. App. 659 (73 N. E. 711) ; *Barber Asph. Pav. Co. v. District Court,* 181 Iowa 1265. It thus becomes manifest that there was no warrant for the sale of the property in controversy for the special assessment for paving.

The sale was also for delinquent taxes upon said real estate for the years 1920, 1921, and 1922, such as consolidated taxes and other taxes upon the real estate. It is provided by Section 7193 of the Code that:

"The treasurer shall each year, upon receiving the tax list, enter upon the same in separate columns opposite each parcel of real estate on which the tax remains unpaid for any previous year, the amount of such unpaid tax, and unless such delinquent real estate tax is so brought forward and entered, it shall cease to be a lien upon the real estate upon which the same was levied, or upon any other real estate of the owner. But, to preserve such lien, it shall only be necessary to enter such tax, as aforesaid, opposite any tract upon which it was a lien. Any sale for the whole or any part of such delinquent tax not so entered shall be invalid."

It is the contention of the appellant that the taxes of 1920 and 1921 were not brought forward upon the tax lists, as required by the aforesaid statutory law. From a careful perusal of the record, we find that the treasurer has substantially complied with the statute. This contention of the appellant's is devoid of merit.

The defendant, relying upon *Warfield-Pratt-Howell Co. v. Averill Grocery Co.,* 119 Iowa 75, and *Woodbine Sav. Bank v. Tyler,* 181 Iowa 1389, contends that the consolidated taxes for

 the years in question are void, because, as claimed by him, the assessment rolls for the years upon which said taxes were based were not verified by the assessor, in accordance with the provisions of Section 7121 of the Code. The burden as to this matter is upon the appellant. We have read the record with care, and relative to this matter, the appellant has failed in his proof. Because of such failure of proof, we find it unnecessary to determine whether, had there been a failure upon the part of the assessor to attach to the assessment rolls the statutory oath, such failure would invalidate the tax, as is apparently held in the last cited cases, or whether the tax would be held valid, under our holding in *First Nat. Bank v. City of Council Bluffs*, 182 Iowa 107.

It is further contended by the appellant that the assessor did not return the assessment rolls to the county auditor, as required by Section 7123 of the Code, and that said documents for  the year 1919 could not be found at the time of the trial. The record establishes the fact that the assessor did return the assessment rolls to the auditor's office, although perhaps not as promptly as should have been done, and that perhaps the auditor was negligent in permitting the same to be taken from his possession. The mere facts that the assessor did not, with promptness, perform his ministerial duty in returning the assessment rolls to the county auditor, and that the county auditor may have been negligent in permitting the same to be taken from his possession, and that they cannot be found eight years after the making of the same, are not sufficient to invalidate the tax. It is established that the rolls upon which the assessments were made were in existence at the time of the assessments. It was the duty of the assessor to lay said assessment rolls before the local board of review for correction, as required by Section 7122 of the Code. It was his duty to attend the meeting of the board and to read each and every taxpayer's name and assessment on the assessment rolls, and it was the duty of the board to approve the assessment of each taxpayer or to raise or lower the same. See Section 7130 of the Code. When the correction has been made in the assessment rolls, in accordance with the final action of the board of review, the assessor shall then proceed to make up the assessor's books in

duplicate from such assessment rolls. See Section 7123 of the Code. The county auditor shall foot up each column of numbers in the assessor's books, and return one of the books to the township clerk and to the city or town clerk. See Section 7124 of the Code. Since it is shown that the assessment rolls were in existence, the assessor is presumed to have done his duty in laying the same before the board of review, and in reading therefrom the assessments, and in making the corrections thereon, after the final action by the board. There is no evidence to rebut this presumption. When he returned the same to the office of the county auditor, the statute was complied with; and the fact that the same are not now in the office of the county auditor can in no way affect the validity of the assessment or the tax based upon the assessor's books made therefrom. See *First Nat. Bank v. City of Council Bluffs,* 182 Iowa 107; *Slocum v. Slocum,* 70 Iowa 259; *Tally v. Brown,* 146 Iowa 360. In *Slocum v. Slocum,* supra, we said:

"* * * it must be remembered that, while the assessment books should be kept as records in the auditor's office, yet, when the tax list is made out therefrom, they become of little importance."

Likewise is it with the assessment rolls when the corrections have been made thereon, after the final action with reference to the assessment by the board of review, and the assessor's books are made therefrom.

The offer of the appellant, in his pleadings, to pay the amount found by the court to be necessary to make redemption, is a sufficient tender of payment in this equitable action. See  *Crawford v. Liddle,* 101 Iowa 148. By this statement in his pleadings, the appellant offers to do equity, and that is all that is required.

The subsequent taxes for the year 1923, in the amount of $35.52, for 1924, in the amount of $36.82, for 1925, in the amount of $34.50, and the first half of the taxes for the year 1926, in the  amount of $17.50, have been paid. Is the appellee the proper party to receive the amount which the appellant must pay to make redemption? The tax deed transferred to the purchaser all the right, title, interest, and claim of the state and county to

a lien against the real estate for the taxes. That right is now held by his grantee. Section 7286 of the Code. See, also, *Orr v. Travacier,* 21 Iowa 68; *Guise v. Early,* 72 Iowa 283.

What amount shall the defendant pay by way of redemption? The amount paid by the certificate holder at the time of the sale on January 7, 1924, was $148.40. The property sold for 5 per cent of the whole amount of the taxes, including the aforesaid amount of paving assessment. The amount paid by the certificate holder was a few dollars more than the taxes against said property, not including the assessment for paving purposes. As we have hereinbefore held, because of the appeal from the paving assessment, it was not delinquent at the time of the sale, and the sale to make the amount of the paving assessment was premature and improper. We hold that the remaining taxes for which the property was sold were valid. The rule as to the amount required in order to make redemption is well stated in *Barke v. Early,* 72 Iowa 273, as follows:

"Where the tax is valid and enforceable against the land, and the sale is void or voidable, the tax, with penalties, may be recovered by the purchaser at the sale in an action against the owner. If the taxes cannot be enforced against the land by sale, the purchaser can recover the taxes paid by him subsequent to the sale, with six per centum interest."

We therefore hold that, in order for the appellant to make redemption, he shall pay the amount of all the taxes against the property at the time of the sale, not including the aforesaid assessment for paving, and all subsequent taxes shown to have been paid, with interest and penalties thereon, the same as though there had been no sale.

The judgment and decree of the trial court is hereby reversed, and the cause remanded, with instructions to ascertain the amount due the appellee, in accordance with the foregoing, and to render decree accordingly, making the amount found due the appellee a special lien upon the real estate, and in default of payment, ordering the sale of the real estate on special execution

for. the purpose of making the amount found due.—*Reversed.*

ALBERT, C. J., and EVANS, FAVILLE, KINDIG, and GRIMM, JJ., concur.