LEO FLECK, Plaintiff, Appellee, v. SAMUEL DURO, Defendant, Appellee, J. H. DURO, Receiver, Intervenor, Appellant.

No. 44957.

NOVEMBER 14, 1939.

A. J. Myers, for plaintiff-appellee.

F. G. Ryan, for intervenor-appellant.

HAMILTON, J.—The property, to wit, lot 7, Ingham's Second Addition, now included in and forming a part of the city of Des Moines, Iowa, was subject to taxation for the years 1933, 1934, and 1935. The tax for said years not having been paid, said property was sold at scavenger sale at the regular January, 1937, tax sale, Polk county, Iowa, being the bidder and the amount bid was $237.74, the exact amount of the general tax, interest and penalty. Certificate of sale, in the usual form, was

issued to Polk county. Thereafter, on the 15th day of December, Polk county assigned said certificate to the city of Des Moines. The city was interested to the extent of a small amount of delinquent special assessments against said property. The city, in turn, on December 16, 1937, assigned said tax certificate to Leo Fleck, without recourse, upon payment of city special assessments. Notice of expiration of time of redemption from said tax sale, bearing date of October 16, 1937, was duly given by Polk county, the then holder of said tax sale certificate, to Samuel Duro, the person in whose name the property was taxed, and to the persons in possession in accordance with section 7279 of the Code of 1935. Affidavit of service of said notice was made by Joseph Mauro, as agent for Polk county, on November 9, 1937. This affidavit, to which the notice was attached and referred to as Exhibit A and incorporated in the affidavit of service, was duly filed with the county treasurer of Polk county and notation thereof was entered on the tax sale register opposite the sale of said property in the following language: ''Notice for deed filed November 10, 1937,'' pursuant to the provisions of Code section 7282. The county treasurer immediately reported the same in writing to the county auditor, who, also, entered upon the tax sale book in his office opposite the sale of said property the same entry, to wit, ''Notice for deed filed November 10, 1937.'' No redemption having been made, tax deed was duly executed and delivered to Leo Fleck, on February 9, 1938, which was filed for record the same day in the recorder's office of Polk county, Iowa.

On March 2, 1938, Leo Fleck commenced an action to quiet title against Samuel Duro, in whose name the record title stood and to whom the property was taxed, and John and Nancy Oden, the persons in possession. This was cause No. 53701, Polk county district court. The next day, March 3, 1938, Samuel Duro brought an action against Leo Fleck, the county treasurer, the county auditor and the city of Des Moines, Iowa, to set aside the tax deed and to permit him to redeem, being cause No. 53702. To this last petition, Leo Fleck filed an answer and also a cross-petition against Samuel Duro in which cross-petition he set out his claim of title under his tax deed and asked that the petition of Samuel Duro be dismissed and title to said real estate quieted in cross-petitioner. Trial was had in cause No. 53702

and, October 1, 1938, decree was entered dismissing petition of Samuel Duro and quieting the title of cross-petitioner, Leo Fleck. No appeal was ever taken from this decree.

In the meantime, there was still another or third action pending, being equity cause No. 48852, titled H. W. Duro v. S. B. or Samuel Duro and Duro Bros., a partnership composed of H. W. and S. B. Duro, for the appointment of a receiver for said partnership and to dissolve the same in which action plaintiff, H. W. Duro, claimed title in the partnership to said lot 7, although the title stood in the name of Samuel Duro, a member of the firm. On May 6, 1938, J. H. Duro, an older brother, was appointed receiver to take charge of said real estate and liquidate the partnership. Said receiver was not a party to the suit in cause No. 53702. However, the action of Leo Fleck, cause No. 53701, had not been disposed of and was still pending on the petition, no other pleading having been filed. On October 19, 1938, J. H. Duro, receiver, filed a petition of intervention in cause No. 53701. Following this, Leo Fleck amended his petition and set up the proceedings in cause No. 53702 as res judicata. On January 31, 1939, J. H. Duro, receiver, filed an amended and substituted petition of intervention in two counts to which Fleck filed answer, again, pleading res judicata to which answer the receiver made reply. Again, there was a trial and, again, there was decree for Leo Fleck, again, quieting title in him to said property under said tax deed. It is from this last decree that the receiver has appealed to this court.

It is appellant's contention that the sale was void, first, because of a defect in the affidavit of proof of service of the notice of expiration of right of redemption in that the same does not state under whose direction the service was made and, second, because of failure on the part of the treasurer to make the proper entry opposite the entry of the sale in the treasurer's sale register. The service of the affidavit was made by Joseph Mauro, as agent for Polk county. The affidavit states:

"I am the duly appointed, acting and qualified agent for and on behalf of Polk county, the said certificate holder; that on the 2nd day of November, 1937, as the agent for and on behalf of and *under the direction of Polk county, Iowa,* the holder of certificate of purchase, I, personally, served * * *" (Italics ours.)

■ The controversy is over the italicized words. Appellant contends that, since the county is a corporation, being inanimate, it could make the request or give the direction only through some officer or agent and that it is not sufficient to state that it was under the direction of Polk county. It is quite true that Polk county, being a corporate body, can only speak through its officers and agents, but the statute (section 7282) does not require the affidavit to state more than at whose direction the service was made. The statute does not require that the affidavit state the method or manner or by what authority the direction was given. It is not claimed that the person making the affidavit was not the lawfully constituted agent of Polk county. It must also be conceded that Polk county was the holder of the certificate and was the principal in the agency relationship and the affidavit states that the agent was acting under the direction of his principal, the certificate holder. How the agency was created or in what form or manner,—whether by resolution, motion, letter or by word of mouth—, he was directed is not a statutory requirement. The provisions of the statute were complied with and that was all that was necessary.

■ As to the second proposition relating to the entry on the treasurer's sale register, it will be noticed that the entry reads: "Notice for deed filed November 10, 1937." This was placed opposite the record entry of the sale. The statute, section 7282, provides that:

"* * * affidavit shall be filed by the treasurer and entered upon the sale book opposite the entry of the sale, and said record or affidavit shall be presumptive evidence of the completed service of said notice, and the right of redemption shall not expire until ninety days after service is complete."

It is urged by appellant that, since the statute does not require that a copy of the notice be attached to the affidavit and it is not necessary to be filed under the statute, that the notice is not a part of the affidavit and that the entry above is not such an entry of the affidavit as to comply with the statutory requirements. It is true the statute does not require that a copy of the notice be attached; however, the affidavit relates to the service of the notice and the logical and proper place for a return of service is on the back of the notice or on a paper attached

thereto and, in the instant case, the affidavit contains the specific statement "that said notice is hereto attached, marked Exhibit A and, by this reference, made a part hereof as though fully incorporated herein." This made the notice a part of the return of service and of the affidavit and the two were attached together, filed away together and were introduced in evidence in this case as one single exhibit. Section 7283 of the 1935 Code provides that:

"The treasurer shall, upon the filing of proof of service and statement of costs, forthwith report the same in writing to the auditor, who shall enter it on the sale book against the proper tract of real estate."

The treasurer complied with this provision of the law and the auditor made a similar entry in the sale book in his office. Perhaps, the entry should have read "affidavit of service of notice", etc., but we think the entry made was a substantial compliance with the statute and was enough to apprise anyone interested of the fact that notice had been given and of the date when the ninety-day limitation on redemption would begin to run. The fact that notice for deed was filed would immediately prompt the inquiry as to the proof of service thereof which would lead, at once, to the original files where the complete affidavit, with the notice attached, would furnish all the information the statute calls for and would be presumptive evidence of the completed service of said notice for the statute says "said record *or* affidavit." The written communication from the treasurer to the auditor specifically stated that "there has been filed in the office of the county treasurer an affidavit and notice for tax deed and proof of service of same."

In Ashenfelter v. Seiling, 141 Iowa 512, 119 N. W. 984; and Geil v. Babb, 214 Iowa 263, 242 N. W. 34, cited and relied upon by appellant, the treasurer made no attempt to comply with the statute and, in Smith v. Huber, 224 Iowa 817, 277 N. W. 557, 115 A. L. R. 131, this particular phase of the statute was not involved and there is no authoritative statement in any of these cases bearing upon this particular point.

It is next contended that, because the assignments of the certificate of purchase were not entered in the register of tax sales in the office of the county treasurer, such assignments were

void. This contention is based upon the following statement taken from Code section 7265: "* * * and when such assignment is so entered * * *". Appellant calls attention to the fact that this particular phrase was put in the law by the Thirty-second General Assembly, chapter 61, section 2, at which time the old statute, section 1433, Code of 1897, was repealed and what is now section 7265 enacted in lieu thereof. The statute, as it now stands, has never been interpreted by this court. A reading of the two statutes will indicate that the only addition consists of the words "when so entered." The old law contained a provision for entry of the assignment in the same tax sale register; it also contained a provision vesting in the assignee all right and title of the purchaser and the provision that the statement in the treasurer's deed of the fact of the assignment was presumptive evidence thereof. Under the old law, we repeatedly held that no notation of the assignment of the certificate was necessary provided the person to whom the deed was made was, in fact, the holder of the certificate. McCash v. Penrod, 131 Iowa 631, 109 N. W. 180, and cases therein cited.

Likewise, in many of our recent cases, we have emphasized the fact that it is the "holder" of the certificate who is required to give the notice of expiration and that the affidavit of service of such notice must be made by the "holder" of the certificate, "his agent or attorney". The word "holder" is used in sections 7279 and 7282 of the Code of 1935.

The certificate of purchase is a mere chattel, subject to sale by assignment and indorsement and delivery, and the owner of said certificate, who presents the same at the expiration of the period of redemption, is entitled to a deed.

The question is whether ownership or title can only be established by showing of an assignment by indorsement alone, without entry of such assignment upon the tax sale register, or whether both are essential to pass title. The law (section 7265) now reads:

"The certificate of purchase shall be assignable by indorsement and entry in the register of tax sales in the office of county treasurer of the county from which said certificate issued, and when such assignment is so entered, it shall vest in the assignee or his legal representatives all the right and title of the assignor.

The statement in the treasurer's deed of the fact of the assignment shall be presumptive evidence thereof."

The former statute (section 1433, 1897 Code) provided:

"The certificate of purchase shall be assignable by indorsement, and an assignment thereof shall vest in the assignee or his legal representatives all the right and title of the original purchaser; and the statement in the treasurer's deed of the fact of the assignment shall be presumptive evidence thereof. In case the certificate is assigned, the assignment shall be noted in the register of tax sales in the treasurer's office."

Under both of these statutes, it was the duty of the treasurer, when the certificate was presented showing an assignment by indorsement, to enter or make note thereof on his tax sale register. In the case of Swan v. Whaley, 75 Iowa 623, 626, 35 N. W. 440, 442, we had under consideration the effect of an assignment by indorsement under the old law. In this case, the land was bid in by Phillips and a certificate was issued to him. Phillips had a partner by the name of Fairfield who was interested in the purchase of this and other tracts of real estate sold at the same sale. The partners made division of the certificates and the one in question fell to Fairfield. For the purpose of transferring the certificate to Fairfield, Phillips merely wrote his name on the back of it and delivered it to him. Thereafter, at the expiration of two years and nine months from the date of the sale, Fairfield caused the usual notice of expiration to be served on the plaintiff, who was then in possession of the property and the actual owner although the legal title was in another. After the service of the notice of expiration, Fairfield sold the certificate and by indorsement thereon assigned the same to Whaley, but no evidence of that assignment or the one from Phillips to Fairfield was recorded in the treasurer's office. At the expiration of the period of redemption, Whaley presented the certificate to the county treasurer, who executed to him a tax deed of the premises. It was contended that the transaction between Phillips and Fairfield did not amount to a legal assignment of the certificate to the latter and, hence, he was not the proper person to give the notice to redeem and, not being himself vested with the legal title to the certificate, his assignment to Whaley did not invest him with the title

thereto or entitle him to receive a deed thereunder. The law, at that time, provided that the notice of expiration should be given by ''the lawful holder of the certificate'', Code 1873, section 894, and this court said:

''By 'the lawful holder' is meant the one who in law is the owner of the certificate, and entitled to the rights and benefits which may accrue under it. Now, while the evidence of Fairfield's title to the certificate in question may have been defective, there is no doubt that he was in law the owner of it. He had it in possession under the transaction with Phillips, the only other person who ever had any interest in it, and who delivered it to him with the object of transferring to him the property in it, and who, at the time of the transfer, did what the parties supposed was essential to pass the title to him. If redemption had been made, he would have been entitled to receive the money, and if he had retained the certificate until the right to a deed accrued, he would have been entitled to it. Beyond doubt, we think he was 'the lawful holder of the certificate.' ''

In discussing the validity of the assignment to Whaley and the fact that neither of the assignments was recorded, the court said:

''When the right to redeem the property from the sale expired, some person was entitled to receive a deed. The right to redeem terminated at the expiration of ninety days from the date of the service of the notice to redeem, and the right to a deed accrued at that time. Code, sec. 895. And of necessity that right must have accrued to some person. To whom did it accrue if not to Whaley? Clearly it did not accrue to either Phillips or Fairfield, for neither of them retained any interest in the certificate, nor was either of them claiming any interest therein. The intention of the statute is that the deed shall be given to the lawful owner of the certificate, and clearly Whaley was such owner. The certificate of purchase is a mere chattel, and, like any other article of personal property, is the subject of bargain and sale. The provisions of section 888, with reference to the assignment and the recording thereof in the register of tax sales, relate merely to the creation and preservation of the evidence of the sale. They are not essential to the sale it-

self. A right in and to the certificate which would be enforceable in law can be created without either the execution or recording of any written assignment. The object of the provision is to afford the treasurer certain evidence of who is entitled to the deed when the right to one accrues. If, however, he should, without having any evidence of the assignment, execute a deed to the one who in fact and law was entitled to receive it, the question of its validity would not be affected by the fact that he acted without such evidence.''

The effect of adding the words ''when so entered'' was to declare the legal effect of such acts. The legislature did not intend to bar other means of proving ownership.

■ It is next contended that, assuming the assignments were valid, the notice of expiration given by the county was not sufficient and that there should have been another notice served by the assignee. The purpose of the notice is to give the owner of the property ninety days in which to make arrangements to redeem. One notice serves this purpose and is all the law requires, if it is given by the then holder of the tax sale certificate. To require each assignee, in turn, to give another notice of expiration would be an unreasonable requirement and would serve no useful purpose. Appellant cites no authority to sustain his claim.

■ The further contention is made that, under the provisions of chapter 191, Acts of the Forty-seventh General Assembly, which took effect by publication April 22, 1937, and especially section 7 of said Act, the assignment by the county was premature. We do not think this law has any application to the facts in the instant case for the simple reason that the owner of the property sold at tax sale to the county failed to take advantage of the provisions of said law by entering into a contract, as therein provided, for installment payments. Having failed to do so within the six months allowed by the Act, the county was at liberty to go ahead and take a deed or assign the certificate of sale, at the end of ninety days after service of notices of expiration of right of redemption. Failure on the part of the property owner to act within the specified time leaves him in the same position as if the statute had never been enacted. Moreover, the city of Des Moines was entitled to an assignment of said certificate of tax sale, under code section

6041, because of the special assessment due and unpaid on this property. By special provision contained in section 7255-g2, Code of 1935, this section is made to apply to all tax sales under the provision of the Public Bidder's act.

The next contention is that the tax sale included the 6th installment on special assessment bond No. 8168, covering the real estate, and that this renders the sale void. The county only bid the amount of the general taxes, interest, penalty and costs. This was in strict compliance with section 7255-b1. There is no prohibition in the statute against including delinquent special assessments in a tax sale. In fact, the law provides to the contrary. Section 6037, 1935 Code. The case of Neilan v. Unity Investment Co., 147 Iowa 677, 126 N. W. 947, cited and relied on by appellant, was decided on demurrer, which demurrer theoretically admitted the allegations of the pleading attacked. This pleading contained a statement concerning a grading tax which it alleged the city had no power to levy. This case is not an authority for the claim of the appellant.

The result we have reached in the decision of the alleged errors heretofore considered renders it unnecessary to consider or determine other matters contained in appellant's brief.

For the reasons indicated, the decree of the trial court must be and, accordingly, is, hereby affirmed.—Affirmed.

OLIVER, C. J., and MILLER, HALE, SAGER, BLISS, STIGER, and MITCHELL, JJ., concur.