# IN THE COURT OF APPEALS OF IOWA

No. 16-1962
Filed April 19, 2017

**THOMAS A. REHR, KATHRYN A. REHR, JEFFREY MINNER, RODNEY PETERSEN, BRADY LEMKE, and 1ST GATEWAY CREDIT UNION,**
    Plaintiffs-Appellees,

**vs.**

**GUARDIAN TAX PARTNERS, INC.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mark R. Lawson, Judge.

The holder of a tax sale certificate appeals the district court's order setting aside its deed as void due to the insufficiency of its proof-of-service affidavit. **AFFIRMED.**

James E. Nervig of Brick Gentry, P.C., West Des Moines, for appellant.

Thomas A. Rehr and Kathryn A. Rehr, pro se appellees.

Christopher L. Farwell of Christopher L. Farwell, P.L.C., Clinton, for appellee Jeffrey Minner.

James D. Bruhn of James D. Bruhn, P.L.C., Clinton, for appellee 1st Gateway Credit Union.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

The plaintiffs[1] brought this action in equity to void a tax sale deed and restore their rights of redemption in a residence on Springdale Drive in Clinton. The district court granted the plaintiffs' motion for summary judgment, finding the affidavit of service of notice[2] of a ninety-day redemption period filed by Guardian Tax Partners, Inc., a Nebraska corporation, did not comply with the requirements in Iowa Code section 447.12. In its appeal, Guardian asserts the district court wrongly found its affidavit of service was insufficient and asks us to take a more "common sense" approach to the statutory requirements for such an affidavit. Because more than a century of case law instructs courts to strictly construe the statutory requirements for an affidavit of service, we find no error and affirm the district court's grant of summary judgment to the plaintiffs.

## I. Facts and Prior Proceedings

Jeffrey Minner had owned the Springdale Drive property since 2005. In 2011, his mortgage lender transferred the property's title to Thomas and Kathryn Rehr by warranty deed. At the same time, 1st Gateway Credit Union recorded a mortgage on the property. The record shows Minner continued to live there, and he made mortgage payments.[3] The record does not indicate an agreement regarding the payment of the property's real estate taxes.

---

[1] The plaintiffs include property owners—Thomas and Kathryn Rehr; possessors—Jeffrey Minner, Rodney Petersen, and Brady Lemke; and mortgagee—1st Gateway Credit Union.

[2] The affidavit is filed with the county treasurer. *See* Iowa Code § 447.14 (2012). The law in effect at the time of the tax sale governs this appeal. *See id.* Here, the sale occurred in 2012.

[3] Two other people claim to have lived with Minner at various times between 2014 and 2016, but they have assigned any claims they may have in this action to Minner.

Due to delinquent and unpaid taxes on the Springdale Drive property, Clinton County sold the property by sheriff's sale on June 18, 2012. *See* Iowa Code § 446.7. The buyer received a certificate of purchase from the county treasurer and then assigned that certificate to Guardian. *See id.* § 446.29. Thereafter, a proper party, as determined by the treasurer, could redeem the property "at any time before the right of redemption expires." *Id.* §§ 447.1, .5.

When no one had redeemed the property by June 2015, certificate-holder Guardian took action to serve a notice, stating as relevant here, "the right of redemption will expire and a deed . . . be made unless redemption is made within ninety days from the completed service of notice." *Id.* § 447.9. Guardian's ninety-day period of redemption "begins as provided in section 447.12." *Id.* Under that section, Guardian's "[s]ervice is complete only after an affidavit has been filed" by Guardian "with the county treasurer." *Id.* § 447.12. Together, section 447.9 and section 447.12 instruct that Guardian's service will only be "complete" if it has followed section 447.12's requirements for Guardian's proof-of-service affidavit. *See id.* §§ 447.9, .12. Guardian filed its affidavit of service, no one redeemed the property within ninety days, and Guardian obtained a treasurer's deed, which was recorded on October 27, 2015. *See City of Waterloo v. Bainbridge*, 749 N.W.2d 245, 249 (Iowa 2008) ("If the property is not redeemed, the certificate holder is entitled to acquire the deed to the property.").

On March 22, 2016, the owners, the parties in possession, and 1st Gateway filed a petition in equity alleging Guardian did not comply with sections 447.9 through 447.12. *See* Iowa Code § 447.8 (allowing action in equity to challenge treasurer's deed). As dispositive here, the plaintiffs alleged Guardian's

affidavit was insufficient under section 447.12 by failing to state "under whose direction the affidavit was made." The plaintiffs asked the district court to enter a judgment declaring the treasurer's deed void.

A week later, Guardian filed an answer and affirmative defenses. Both sides sought summary judgment. On October 5, 2016, the district court ruled on the cross-motions for summary judgment. Thereafter, both sides filed motions to modify the ruling under Iowa Rule of Civil Procedure 1.904(2). The district court reconsidered and filed a substituted ruling on November 3, 2016, holding the plaintiffs were entitled to summary judgment due to the insufficiency of Guardian's affidavit of service under the requirements for such affidavits in Iowa Code section 447.12. The court set aside Guardian's treasurer's deed as void, taxed costs to Guardian,[4] and concluded: "Guardian will be required to serve new notices of expiration of right of redemption on all parties in compliance with Iowa Code [section] 447.9, and file a proper affidavit of service in compliance with Iowa Code [section] 447.12 before a tax deed can be issued."

Guardian appeals the district court's ruling. The plaintiffs waived their opportunity to file briefs as appellees.

---

[4] Although its holding concerning the insufficiency of Guardian's affidavit was dispositive of the outcome, the district court addressed other challenges made by the plaintiffs and concluded (1) a genuine issue of material fact exists regarding proper service on the Rehrs at their "actual address"; (2) Minner, as a person in possession, was not properly served due to Guardian electing a "dart board approach" and sending notices to John Doe and Mary Doe; and (3) 1st Gateway, as the mortgagee having a property lien, was not properly served because the "last known address" for a financial institution is its physical address and not a post office box. We need not review these conclusions because we affirm on the statutorily-insufficient-affidavit ground.

## II.     Scope and Standard of Review

Actions to set aside tax deeds arise in equity and generally are reviewed de novo.  *See Strong v. Jarvis*, 524 N.W.2d 675, 677 (Iowa Ct. App. 1994).  But when a case in equity is dismissed by summary judgment, our review is for correction of errors at law.  *See Koenigs v. Mitchell Cty. Bd.*, 659 N.W.2d 589, 592 (Iowa 2003).  The district court properly grants summary judgment when the record reveals "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Iowa R. Civ. P. 1.981(3).  If the dispute only "concerns the legal consequences flowing from undisputed facts," summary judgment is appropriate.  *McNertney v. Kahler*, 710 N.W.2d 209, 210 (Iowa 2006) (citation omitted).

## III.     Analysis

**A.     Sufficiency of Guardian's Affidavit.**  The district court's grant of summary judgment to the plaintiffs focused on the language of Iowa Code section 447.12, stating in relevant part, "[s]ervice is complete only after an affidavit has been filed . . . showing the making of the service, the manner of service, the time when and place where made, [and] under whose direction the service was made."  These requirements are mandatory and are liberally construed in favor of the party challenging the tax deed.  *Modern Heat & Power Co. v. Bishop Steamotor Corp.*, 34 N.W.2d 581, 586 (Iowa 1948).  "All of these facts are essential to vest the treasurer with the authority to execute a deed, and the manner of the proof of the facts to give such authority is prescribed" by section 417.12.  *Geil v. Babb*, 242 N.W. 34, 36 (Iowa 1932) (citation omitted).  "If the affidavit of service required by Iowa Code section 447.12 is incomplete or

insufficient, the right of redemption is not cut off and no valid tax deed can be issued." *Pendergast v. Davenport*, 375 N.W.2d 684, 688 (Iowa 1985); *see also Bradley v. Brown*, 39 N.W. 258, 259 (Iowa 1888) ("The requirement of the statute appears to us to be absolute. It is one of the steps necessary to be taken to cut off the right of redemption, and courts have no power [or] authority to dispense with the positive requirements of the statute upon the ground that they are unnecessary.").

As stated above, Guardian's attorney filed an affidavit of service, and the following excerpts lead to the resolution of this appeal—the controversy is over the italicized words in Guardian's affidavit:

> Lilly A. Richardson-Severn, being first duly sworn upon oath deposes and states as follows:
> 1. I am the attorney for GUARDIAN TAX PARTNERS INC, A Nebraska Corporation, (hereinafter "Guardian"), the holder of the Tax Certificate . . . and have knowledge of the facts related herein.
> 2. The property is commonly described as . . . Springdale Drive . . . and legally described as: . . . .
> 3. On June 12, 2015, *Guardian mailed* the Notice of Expiration of Right to Redeem to the following parties:
> [Kathryn A. Rehr, Thomas A. Rehr, John Doe (person in possession), Mary Doe (person in possession), 1st Gateway Credit Union, and the City of Clinton]
> Copies of the Certified Mail return receipts are attached hereto and incorporated herein . . . .
> 4. After diligent investigation to find parties having an interest in the property, service could not be made in accordance with Iowa Code § 447.9. *Guardian published* a notice of Expiration of Right to Redeem according to Iowa Code § 447.10 once in an official newspaper in the county. Proof of publication and the notice is attached hereto and incorporated herein.

(Emphasis added.)

The district court found Guardian's affidavit of service was incomplete in not stating *Richardson-Severn served* the notice either by mail or by publication

but, rather, stating *Guardian* mailed the notice and *Guardian* published the notice. The court reasoned, because Guardian is an entity that must necessarily act through an individual, the affidavit was defective in not specifying "the individual who accomplished the acts constituting service, and that that person acted at the direction of the certificate holder." The court acknowledged Richardson-Severn "had authority to sign the affidavit as Guardian's attorney and would have had authority under the statute to act on behalf of Guardian," but the court did not excuse the affidavit's failure to "specify whether she or some other individual accomplished service on behalf of Guardian as required by section 447.12."

The district court granted the plaintiffs' motion for summary judgment "as to the insufficiency of the affidavit of service" and set aside and declared void the tax deed issued by the treasurer to Guardian. The court then ruled: "Guardian will be required to serve new notices of expiration of right of redemption on all parties in compliance with Iowa Code [section] 447.9 and file a proper affidavit of service in compliance with Iowa Code section 447.12 before a tax deed can be issued."

On appeal, Guardian decries the court's "very narrow and restrictive" interpretation of section 447.12, claiming the result "defies common sense." In Guardian's view, the district court placed "undue importance on the isolated phrase 'under whose direction the service was made' and failed to construe its meaning by reference to legislative intent behind section 447.12 and other closely related statute governing tax lien foreclosures."

But our reading of case law shows, by requiring Guardian's absolute compliance with section 447.12's requirements for its proof-of-service affidavit, the district court was following well-established precedent. *See Nelson v. Forbes*, 545 N.W.2d 576, 582 (Iowa Ct. App. 1996) ("Where service is incomplete, the right of redemption is not cut off and no valid tax deed can issue."). "[C]ourts are universally inclined to hold the tax purchaser to a strict compliance with all the statutory provisions by which the right of redemption is to be foreclosed." *Wood v. Yearous*, 140 N.W. 362, 364 (Iowa 1913). As the district court correctly noted, Guardian's affidavit must be explicit and cannot be aided by extrinsic evidence. *See Geil*, 242 N.W. at 36 (ruling an "explicit" affidavit is required, courts "strictly" construe the affidavit of service, and "nothing may be read into it that does not plainly appear therein" (citation omitted)).

*Geil* provides a prime example of strict statutory construction. *See id.* An attorney for tax purchaser Babb swore in the attorney's affidavit that "under directions" of Babb, the attorney "caused notice to be served" on the parties in possession. *Id.* Next, the affidavit stated the attorney "caused service to be made by publication" on a non-resident party. *Id.* The district court in *Geil* found "an entire failure [of the affidavit] to state under whose direction the service was made on the non-residents of the county by publication." *Id.* After noting the district court's legal principles were correct, the supreme court concluded the affidavit was insufficient because Babb's attorney did not make the service himself and did not aver in his affidavit "the person who made the service" was the agent or attorney of the certificate holder. *Id.* We see a similar flaw in Richardson-Severn's affidavit, which did not reveal the name of the person who

made the service and did not state such person was acting "under the direction" of Guardian.

To bolster its "common sense rationale" argument, Guardian relies on *Lindsey v. Booge*, 122 N.W. 819, 820 (Iowa 1909). *Lindsey* broadly stated, "if it fairly appears from the notice and the affidavit who made or gave the directions for the service, this is all that should in reason be required." 122 N.W. at 820. But in *Lindsey*, the affiant was the tax-purchaser/certificate-holder and his affidavit of service stated *he* served notice on the taxpayer; thus, no agent was involved. *Id.* Base on those specific facts, the supreme court observed: "It would have been a work of supererogation to have added, after saying that he was the purchaser and lawful holder of the certificate, and that he served the same, that he did so under his own direction." *Id.*

*Lindsey* is distinguishable from this case, where Guardian's agent filed the affidavit of service. We find support for our position in *Fidelity Inv. Co. v. White*, 223 N.W. 884, 886 (Iowa 1929), which involved service by the certificate-holder's agent. *White* explained, "the service and affidavit of service were made by the certificate holder" in *Lindsey*, which held the certificate holder was not required to state such "service was under his own direction." 223 N.W. at 886 (citing *Lindsey*, 122 N.W. at 820). Turning to the agent's affidavit of service before it, *White* found, while the affiant stated he received the notice for service *as the agent* of the certificate holder, the affiant did not specifically aver he served the notice "under the direction of Grandy, his principal." *Id.* The supreme court declined to "indulge the presumption" the agent served the notice "under the direction of his principal." *Id.* Thus, the agent's affidavit in *White* did not comply

with the statute's "absolute and mandatory provisions" for the affidavit of service and such affidavit was insufficient.  *Id.*

*White* also contrasted *Lindsey* with *Peterson v. Wallace*, 118 N.W. 37, 38 (Iowa 1908).  *See id.*  The *Peterson* affiant was the agent of the certificate holder and the agent's affidavit stated he served the notice on the party in whose name the property was assessed, as well as stating he caused notice to be published. 118 N.W. at 37.  But the agent did not state "under whose direction" his actions were taken.  *Id.* at 38.  *Peterson* refused to "presume [the agent] was acting under the direction of his principal."  *Id.*; *see also Pendergast*, 375 N.W.2d at 689 (recognizing *Peterson* "applied the rule of strict compliance and invalidated the notice when the affidavit submitted as proof of service" did not show "under whose direction service was made").

We find *White* and *Peterson* more persuasive than *Lindsey* in the circumstances of this case.  Unlike the affiant in *Lindsey*, Richardson-Severn was not the certificate holder, she was the certificate-holder's attorney and agent. Accordingly, when Richardson-Severn stated in her affidavit that *Guardian* mailed the notice and *Guardian* published the notice, under long-standing case law, we are not free *to presume* Richardson-Severn meant *she*, as Guardian's agent, personally mailed or personally published the notice *under Guardian's direction*.  The affidavit of service here conflated the separate requirements of "the making of the service" and "under whose direction the service was made" into a single reference to *Guardian* having taken action.  *See* Iowa Code § 447.12.

The district court also found support for its ruling in *Fleck v. Duro*, 288 N.W. 426, 428 (Iowa 1939), upholding the validity of a tax deed when the affidavit of service was made by Joseph Mauro, an agent for certificate-holder Polk County, and the affidavit expressly stated Mauro "personally served" the notice "under the direction of Polk [C]ounty." The supreme court confirmed: "It is quite true that Polk [C]ounty, being a corporate body, can only speak through its officers and agents, but the statute does not require the affidavit to state more than at whose direction the service was made." *Fleck*, 288 N.W. at 428. Applying *Fleck,* the district court here reasoned: "Just as Polk County—an entity—was required to act through an attorney or agent, so was Guardian." *See id.* We agree with the district court that Guardian, as a corporation, must act through an individual, and such individual must be named, not presumed, in the affidavit to satisfy the proof-of-service requirements in Iowa Code section 447.12.

Guardian nevertheless contends *Fleck* undermines the district court's conclusion, asserting *Fleck* rejected the title-holder's argument an entity such as Polk County could not give direction to its agent to serve the notice. *See id.* Guardian misreads *Fleck*. The *Fleck* court found no statutory requirement for the affiant to show *how* the agency between Polk County and affiant Mauro was created or *how* affiant Mauro was directed (by resolution, motion, letter, or word of mouth) to make service. *Id.* By contrast, Iowa Code section 447.12 *does require* Guardian's affidavit of service to show both "the making of the service" and "under whose direction the service was made." We agree with the district court that Guardian, as a corporation, must act through an individual, and such

individual must be named, not presumed, in the affidavit to satisfy the proof-of-service requirements in Iowa Code section 447.12.

Because Guardian's proof-of-service affidavit failed to show "who" served the notice and concomitantly "under whose direction" that service was made, the district court correctly held Guardian's affidavit of service did not comply with the statutory requirements in Iowa Code section 447.12 and Guardian's tax deed was void. *See, e.g.*, *Nelson*, 545 N.W.2d at 582 (ruling certificate holders "do not hold valid tax deeds" where statutory requirements have not been met); *Grimes v. Ellyson*, 105 N.W. 418, 421 (1905) (ruling affidavit of service was insufficient in failing to state "under whose direction the service was made").

**B. Requirements in Iowa Code Section 447.8.** In its final assignment of error, Guardian claims the district court "disregarded the mandatory requirements of [Iowa Code] subsections 447.8(4) and (5)" and "had no authority to rule that the Tax Sale Deed was void without following those mandatory legal requirements."

In rejecting this argument, the district court relied on *Geil*'s holding that the requirements for the affidavit of service "are essential to vest the treasurer with authority to execute a deed, and the manner of the proof of the facts [i.e., the affidavit,] is prescribed by statute." 242 N.W. at 37. The district court ruled the *Geil* holding is not altered by Iowa Code section 447.8(4) and (5) (amended in 2005), concluding the issue it had resolved between Guardian and the plaintiffs "is not an issue of *service*; it is an issue of *proof of service* [by affidavit] sufficient to entitle the certificate holder to the issuance of a tax deed. *Geil* is still good law on this point." *See Pendergast*, 375 N.W.2d at 688 ("If the affidavit of service

required by Iowa Code section 447.12 is incomplete or insufficient, the right of redemption is not cut off and no valid tax deed can be issued" (quoting *Geil,* 242 N.W.2d at 36)).

We agree with the district court's assessment its ruling on the effect of Guardian's insufficient affidavit under Iowa Code section 447.12—no valid tax deed could be issued and the tax deed is void—is not altered by the procedural requirements in section 447.8(4) and (5). Those subsections address proper *service of the notice* of the ninety-day redemption period rather than addressing the sufficiency or insufficiency of the affidavit of service of such notice that must be filed with the county treasurer. *Compare* Iowa Code § 447.8(4) (setting out certain actions to be taken by a court "[i]f the court determines notice was not properly served"), *with id.* § 447.12 (listing items to be included in an affidavit of service of notice)*.*

Accordingly, we affirm the district court.

**AFFIRMED.**